### ALEX. MOORE *v.* MALINDA ERNST.

1. CERTIORARI. *Showing by petition and affidavit essential.*

A *certiorari* cannot be had to bring a case from a justice of the peace to the Circuit Court, without good cause shown by petition, supported by affidavit. Code 1871, § 1336.

2. SAME. *Waiver of defects by not objecting.*

But appearance in the Circuit Court, and entry upon trial without noticing the defects, is a waiver of all objection to the granting of the writ.

3. INTERPLEADER AT LAW. *Code* 1871, § 656. *Justice's Court. Money claim.*

Code 1871, § 656, allowing a party sued to disclaim interest and suggest a new claimant, who shall be made defendant in his stead, is as applicable to Justices' as to Circuit Courts (Code 1871, § 630), and to actions for money claims, under contracts express or implied, as to those for personal property.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

Malinda Ernst brought this suit before a justice of the peace, to recover the proceeds of two bales of cotton, against one Buchanan, who, on the return day of the writ, filed affidavit, under Code 1871, § 656, disclaiming any interest in the money, and suggesting that Alex. Moore claimed it. On Buchanan depositing the money in bank, subject to the order of court, the suit was dismissed as to him ; and Alex. Moore, having appeared and waived summons, was made defendant on his own motion. After trial, and judgment awarding Alex. Moore the money, Malinda Ernst filed an affidavit, made by her attorney, for appeal *in forma pauperis.* The justice declined to grant the appeal without bond. At the next term of the Circuit Court, on Malinda Ernst's motion, without affidavit or bond, a writ of *certiorari* issued, in obedience to which the justice sent up the record. The parties having announced themselves ready, and gone into the trial in the Circuit Court, the evidence disclosed that the cotton having been sold to Moore by the agent of Malinda Ernst, after which doubts arose as to her ownership, the proceeds were

paid by the agent to Buchanan, at Moore's request, to be held until the doubts were cleared away. Malinda Ernst then moved to exclude Moore from defending the suit, because he was not properly a party. The motion was sustained, all his evidence was excluded, and he made no further defence, but from verdict and judgment against him sued out this writ of error.

*Buchanan & Houston,* for the plaintiff in error.

1. The Circuit Court had no jurisdiction of the case, an appeal without bond and a *certiorari* on motion being both void. Code 1871, §§ 571, 1332, 1336; *Porter* v. *Grisham,* 3 How. (Miss.) 75; *Hardaway* v. *Biles,* 1 S. & M. 657; *Stier* v. *Surget,* 10 S. & M. 154; *Cain* v. *Simpson,* 53 Miss. 521. A pauper must pursue the forms of law, like any other litigant; nor can he appeal without bond. *Hines* v. *Rosser,* 27 Ga. 85; *Clark* v. *Miles,* 2 Chandler (Wis.), 94; *Gibbons* v. *McComb,* 3 Ga. 252; *Bolton* v. *Gardner,* 3 Paige, 273. The attorney clearly could not make the pauper's affidavit. 25 Ga. 262; Georgia Acts, 1842, p. 13, § 1. Code 1871, § 571, differs so widely from the Tennessee Acts, 1821–22, pp. 30, 31, that the decisions in that State on appeals *in forma pauperis* cannot apply here.

2. Alex. Moore was certainly a defendant, under Code 1871, § 656, and the court erred in excluding his defence. The section is broad enough to cover any action on contract, express or implied; and this suit was for specific money. The statute applies as well to the Justice's as to the Circuit Court. Code 1871, § 630.

*J. J. Deavenport,* for the defendant in error.

1. It was not error to grant the writ of *certiorari.* The only question involved was whether a pauper could appeal without giving bond. He has this right. *Brumley* v. *Hayworth,* 3 Yerg. 421; *Philips* v. *Rudle,* 1 Yerg. 121; *Herd* v. *Dew,* 9 Humph. 365; *Davis* v. *Dyer,* 5 Sneed, 679; *McPhatridge* v. *Gregg,* 4 Cold. 324; *Hale* v. *Landrum,* 2 Humph. 32; *McCoy* v. *Broderick,* 3 Sneed, 203; *Oneal* v. *State,* 2 Sneed, 215.

2. The action of the court in deciding that Moore did not come within § 656 Code 1871 was based on the excluded tes-

timony, which does not appear in the bill of exceptions, and so this court cannot review that action. *Friar* v. *State*, 3 How. (Miss.) 422; 2 S. & M. 572. The facts in the bill, however, disclose that Moore had purchased, and paid the agent of Malinda Ernst for the cotton; and he had the cotton, while she, by agent, had the money. What right had he to the money without giving up the cotton? Clearly none. At most, his claim was for a rescission of the contract of sale, which is not within the purview of the statute.

CAMPBELL, J., delivered the opinion of the court.

The defendant in error was not entitled to the *certiorari* without "good cause shown by petition, supported by affidavit," Code 1871, § 1336; but no objection was made to it, and no motion to dismiss it, and " the parties (in the Circuit Court) announced themselves ready, and proceeded to try said cause," which was a waiver of all objections to the granting of the writ. *Fitzpatrick* v. *Ray*, 4 S. & M. 645.

It was erroneous to exclude the plaintiff in error from the suit. He had been admitted as a defendant in place of the original defendant, who had complied with § 656 of the Code of 1871, which applies as well to suits before justices of the peace as to those in Circuit Courts, Code 1871, § 630; and to actions for money claimed under contract, express or implied, as to those for the recovery of personal property.

*Judgment reversed and cause remanded.*