## BIXBY v. BLAIR & COMPANY ET AL..

1. **Practice:** APPEAL: WAIVER OF. One who after the overruling of his application to be substituted as a party to an action amends his application, which is then granted, by his amendment waives his right of appeal from the former ruling.

2. ———: ACTION AGAINST SHERIFF: SUBSTITUTION OF DEFENDANTS. In an action against a sheriff to recover property taken by him under process, a joint application by the sheriff and the person in whose favor the process issued, to have the latter substituted as defendant, may be made at any time, although an answer has been previously filed by the sheriff.

3. ———: REMOVAL OF CAUSES. In passing upon an application for the removal of a cause to the federal courts the affidavits accompanying the petition for removal should be considered as a part thereof, and the decision should be based on the facts shown by the whole record.

*Appeal from Fayette Circuit Court.*

FRIDAY, JUNE 17.

THE plaintiff commenced this action in replevin to recover of the defendant L. L. Farr, sheriff of Fayette county, a stock of goods and merchandise of the alleged value of $1,600, which it is averred, is the absolute property of the plaintiff, and upon which the said Farr as sheriff wrongfully levied an attachment issued from the Superior Court of Cedar Rapids, in an action by William Blair & Company against one Billings. The petition demands the return of the property, or in case the same cannot be found, judgment for the value thereof, and for damages for said wrongful taking and detention. The

petition also sets out the names of the sureties upon the official bond of the said sheriff, and exhibits a copy of the bond, but no original notice was served upon said sureties.

The defendant Farr appeared to the action, and on the 1st day of December, 1879, he filed his answer in which he claimed that he made the levy upon the property by virtue of a writ of attachment at the suit of William Blair & Company, against J. R. Billings, and that Billings was the owner of the goods, and that for the purpose of hindering, delaying and defrauding said Blair & Company, and other creditors, he made a sham sale thereof to the plaintiff, who made the pretended purchase with the intent to assist Billings in said fraud.

On December 3, 1879, the defendant Farr moved the court to substitute William Blair & Company as defendants in the action, and with his motion he exhibited the writ of attachment under which the levy was made, and filed his affidavit setting forth the facts as to the levy and the names of the real parties in interest. On the next day the said William Blair & Company, in the individual names of their partnership firm, made their application to be substituted as defendants, setting forth facts showing that the property in controversy was seized at the suit of said partnership firm. At the same time Blair & Company filed a bond for costs in the penalty of $250. These applications for substitution were overruled, to which ruling the defendants excepted. Afterward an amended application for the substitution of William Blair & Company was made jointly by Farr and William Blair & Company, and accompanied with an additional bond in the penalty of $500, conditioned for the payment of any judgment for costs or damages that might be rendered against William Blair & Company in said action. Thereupon the motion for substitution of parties defendant was sustained. To this ruling of the court the plaintiff excepted.

On the same day that the order of substitution was made, the defendants William Blair & Company filed their answer, in which they made substantially the same averments as were

made in the answer of Farr, and thereupon the defendants filed a petition, affidavit and bond for the removal of the cause to the Circuit Court of the United States. The plaintiff filed objections to said petition, and the application to transfer the cause was denied, to which ruling the defendants excepted.

Thereupon the cause was submitted to the court, and judgment was rendered finding the plaintiff to be the owner of the property, and awarding him the possession thereof, and for costs.

Defendants appeal from the judgment, and from the order overruling the application for change of forum, and the plaintiff appeals from the order of substitution of the parties defendant. The defendants first appealed, and should, therefore, be designated herein as appellants.

*Hubbard & Clark* and *F. M. Dawley*, for appellants.

*Rickel, West & Eastman* and *D. W. Clements*, for appellee.

ROTHROCK, J.—I. Appellants contend that the court erred in overruling the motion for substitution as it was originally

1. PRACTICE: appeal: waiver of.

presented. The application having been made by the sheriff and by the parties in whose favor the writ of attachment issued, and a bond for costs having been given, it may be this was all that was required under section 2574 of the Code. But this we need not determine, because although the defendants excepted to the rulings, they did not stand thereon, but amended the application by giving bond not only for costs, but for damages, and thereupon the order of substitution was made. Having succeeded in procuring what they desired in the way of substitution, the defendants cannot now complain that terms were imposed upon them not warranted by the statute. A party cannot review an adverse ruling on a demurrer or motion after pleading over, and it seems to us the defendants are in about the same position on this question.

II. The plaintiff contends that the final ruling on the application for substitution was erroneous, because no motion whatever was made until after the defendant Farr had answered. It is argued that under sections 2572, 2573 and 2574 of the Code, construing them together, all applications for substitution must be made before answer. It is true that under the first named section, where a party defendant to an "action upon contract for the recovery of personal property" makes an affidavit before answer that some third party makes a claim to the subject of the action, an order may be made requiring such third person to appear and maintain or relinquish his claim, and if upon notice he fails to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein. Section 2573 makes the provisions of section 2572 applicable to an action against a sheriff for the recovery of personal property taken by him under process. These sections are for the protection of nominal defendants against third persons making claims to the property. But section 2574 seems to be an independent provision. It provides for a joint application by the sheriff and the party in whose favor the process issued, and is not limited as to the time within which it must be made. Indeed there is no reason for such limitation, for if the real party in interest joins in the application, he is bound by whatever steps the nominal defendant has theretofore taken in the action, and by uniting in the application he thereby releases the nominal defendant from any liability to him. In other words, he takes up the defense where the sheriff leaves it, and is not necessarily entitled to delay.

*2.——: action against sheriff: substitution of defendants.*

III. We are next to inquire whether the court erred in overruling the petition for the removal of the cause to the Circuit Court of the United States. Counsel for the plaintiff does not by his argument question the sufficiency of the bond and affidavit. But it is claimed that the petition for removal is defective because it states that

*3.——: removal of causes.*

the defendants are all residents of the State of Illinois, and contains no averment that they were such residents at the time of the commencement of the action. The petition is under sub-division 3, of section 639, of the Revised Statutes of the United States, being what is called the "local prejudice" act. The affidavit, in addition to setting forth the prejudice and local influence as required by the statute, stated that the defendants "are and were at the commencement of this suit citizens and residents of the State of Illinois." If this affidavit was proper to be considered in connection with the petition, then there was a showing made that the defendants were citizens of Illinois at the commencement of the action, if such showing was necessary, a point which in our opinion we need not discuss.

In Removal Cases, 100 U. S., 474, it is held that not only the petition for removal, but the whole record, is to be examined; and in *Yulee v. Vose*, 99 U. S., 539 (545), it is said: "The petition and affidavits which accompanied it are to be taken together as a part of the same instrument. They are also to be considered in connection with the other parts of the record to which they belong."

Counsel for appellee concedes that the last cited case might apply if the affidavit had been made of record by a bill of exceptions. We think it is as much a part of the record as the petition, or bond, or any other paper required by law to be filed in the case, and that no bill of exceptions was necessary.

In our opinion the court below should have taken the whole record and showing for a removal into consideration, and ordered the change of forum, especially as the alleged residence of the defendants was in no way controverted. The cause must be affirmed on plaintiff's appeal, and upon defendant's appeal it must be

REVERSED.