## SATKOFSKY et al. v. JARMULOWSKY.

(Supreme Court, Appellate Term.  January 17, 1906.)

COURTS—MUNICIPAL COURTS—JURISDICTION.

· The granting of an order of interpleader does not necessarily involve the exercise of equity jurisdiction, so as to invalidate Municipal Court Act, § 187 (Laws 1902, p. 1546, c. 580), giving the municipal court authority to make such an order.

Appeal from City Court of New York.

Action by Max Satkofsky and another against Sender Jarmulowsky. From an order denying defendant's motion for a new trial, he appeals. Reversed.

See 95 N. Y. Supp. 555.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Morris Clark (David McClure, of counsel), for appellant.
Abraham Oberstein, for respondents.

SCOTT, P. J.  The only question necessary to be considered upon this appeal is as to the validity of section 187 of the municipal court act (Laws 1902, p. 1546, c. 580), giving the Municipal Court authority to make an order of interpleader.  The argument in favor of the unconstitutionality of that section is ingenious, but not convincing.  It rests entirely upon the assumption that the granting of an order of interpleader necessarily involves the exercise of equity jurisdiction. While there are phrases in certain opinions, which, taken by themselves, seem to support this view, we do not consider that the authorities go to the whole extent claimed for them.  The true rule appears to be that an interpleader, by order, does not turn the action into a suit in equity, but it is a statutory remedy designed for use in common-law courts and actions, to the application of which certain rules derived from the practice of the equity courts have been adapted. McElroy v. Baer, 9 Civ. Proc. R. 133.

Order reversed, and new trial granted, with costs to appellant to abide the event.  All concur.