ANDERSON, RESPONDENT, *v.* RED METAL MINING CO. ET AL., DEFENDANTS; PARIS BROS., APPELLANTS.

(No. 2458.)

(Submitted December 5, 1907.    Decided December 16, 1907.)

[93 Pac. 44.]

*Interpleader—Actions—Mistake in Form—Justices of the Peace —Jurisdiction—Appeal—Waiver—Notice—Adverse Party— Demurrer—Evidence—Harmless Error—Presumptions—Interest.*

Actions—Mistake in Form—Relief—Immateriality.
  1.  Since, under section 28, Article VIII, Constitution, there is but one form of action in this state and law and equity may be administered in the same case, a mistake as to the form in which an action is brought or as to the relief demanded upon the statement of facts made, is of no moment.
Justices of the Peace—Jurisdiction—Appeal—District Courts.
  2.  Merely because plaintiff, in an action before a justice of the peace, assumed by the recitals in his complaint to secure the cancellation of an alleged forged assignment, and also a judgment on a contract for the payment of money, whereas the justice had not jurisdiction to grant the equitable relief asked, was no reason why his appeal to the district court should have been dismissed for lack of jurisdiction to entertain it, where, after eliminating the equity feature of the complaint (a demurrer to which, interposed by one of the defendants, had been sustained by the justice), it still stated a

cause of action of which the justice had jurisdiction; and, hence, the district court had power to proceed.

Same—Interpleader—Effect on Action—Jurisdiction.

3. Where, in an action by an assignee on an account, a justice of the peace permitted the defendant to pay into court the amount sued for, and thereupon substituted as defendants the assignor, and one other who claimed to be entitled to the money, the order of substitution did not convert the purely legal cause of action into an equitable one so as to deprive the justice of jurisdiction of the action, since section 588, Code of Civil Procedure, providing for interpleader, covers the subject both at law and in equity.

Interpleader—Irregularity—Waiver.

4. Section 588, Code of Civil Procedure, provides, *inter alia*, that a party against whom an action upon a contract, etc., is pending, may, before answer, upon affidavit, ask that another person claiming an interest in the subject matter of the action, be substituted in his place etc. An application for such a substitution was made on an amended answer. The party substituted became defendant without objection. *Held*, that the irregularity in the mode of substitution was waived by defendant.

Appeal—Transfer of Cause—Notice—''Adverse Party.''

5. Under Code of Civil Procedure, section 1760, providing that, when an appeal is taken a notice thereof must be served on the adverse party, etc., an adverse party is one who has an interest in opposing the object sought to be accomplished by the appeal.

Same.

6. Where in an action before a justice of the peace, brought by an assignee on an account, the debtor interpleaded, besides one other, the assignor, who admitted the assignment and disclaimed any interest in the subject matter of the controversy, the latter was not an adverse party, within the meaning of section 1760, Code of Civil Procedure, upon whom it was necessary to serve notice of an appeal to the district court.

Justices of the Peace—Appeal—Demurrer.

7. In the action set out in paragraph 2 above, the justice of the peace sustained the demurrer of one of the defendants on the ground that the complaint, as against him, asked for equitable relief and thus, virtually, dismissed him from the case. This defendant was subsequently interpleaded by the original defendant, who paid the amount in controversy into court and asked that plaintiff and the substituted defendant be required to submit their claims to the money for determination. When the order of substitution was made, no objection was made by the interpleaded defendant that the complaint did not tender an issue upon the question of right between him and plaintiff. The defendant had judgment and plaintiff appealed to the district court. Here the defendant again interposed the demurrer which had been sustained by the justice of the peace. This was overruled. *Held*, that the action of the district court in overruling the demurrer was correct.

Appeal—Admissibility of Evidence—Harmless Error.

8. Error in admitting evidence on the question of consideration in support of the assignment of the account at issue in the action referred to above, when no such question had been made in the case, was harmless, where appellant offered no evidence but rested his case entirely upon his objection to the jurisdiction of the court, which was properly overruled, and where the court was justified in directing a verdict for plaintiff on the written assignment alone.

Interpleader—Payment into Court—Presumptions.
9.   Where the defendant in an action on an account had paid the sum in litigation into court and asked that another be substituted in his place and the plaintiff and such defendant be required to adjudicate their respective claims to it, and the parties thereafter proceeded upon the assumption that such payment had actually been made, it will be presumed that the fact that the amount was in the hands of the clerk had been ascertained by the court prior to adjudging it to belong to the party entitled thereto, and its judgment will not be reversed for lack of evidence in this respect.

Interpleader—Judgment—Interest.
10.   Allowance of interest on a sum of money, paid into court by a defendant upon application for interpleader, while in the hands of clerk awaiting judicial determination of the rightful owner, is error.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by A. E. Anderson against the Red Metal Mining Company, Paris Bros. and others.   Judgment for plaintiff, and defendants Paris Bros. appeal from it and an order denying them a new trial.   Modified and affirmed.

*Mr. L. P. Forestell,* and *Mr. I. A. Cohen,* for Appellants.

The object of this suit, so far as these defendants are concerned, was to cancel the assignment, which it is alleged they held.   This calls for the exercise of equitable jurisdiction. Plaintiff wants the instrument canceled on the principle of *quia timet.*   "The power to cancel a written instrument is a purely equitable remedy."   (2 Pomeroy's Equity Jurisprudence, sec. 914; *Handley* v. *Sprinkle,* 31 Mont. 57, 77 Pac. 296; *Leopold* v. *Silverman,* 7 Mont. 266, 16 Pac. 580, 586; *County of Ada* v. *Bullen Bridge Co.,* 5 Idaho, 79, 188, 95 Am. St. Rep. 180, 47 Pac. 818, 825, 36 L. R. A. 367.)   Jurisdiction of this class of actions is expressly denied justices of the peace.   (Const., Art. VIII, sec. 1; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695.)

Interpleader is exclusively an equitable remedy, and is included in the same class as injunctions and receivers.   (1 Pomeroy's Equity Jurisprudence, pp. 195, 200, secs. 170, 171; 4 Id., p. 2651, sec. 1329, and cases cited; 23 Cyc. 35, 36, and cases

cited.) "The application is an appeal to the equitable jurisdiction of the court." *(Pustet* v. *Flannelly,* 60 How. Pr. 67; *Northwestern Mut. Life Ins. Co.* v. *Kidder,* 162 Ind. 382, 70 N. E. 489, 66 L. R. A. 89; *Miller* v. *Metropolitan Life Ins. Co.,* 68 Mo. App. 19.)

The granting of a motion for interpleader converts the law action into one in equity, thereby ousting a court not possessing equity jurisdiction from any further disposition of the case. *(Clark* v. *Mosher,* 107 N. Y. 118, 1 Am. St. Rep. 798, 14 N. E. 96; *Dinley* v. *McCullagh,* 92 Hun, 454, 36 N. Y. Supp. 1007; *Lawrence* v. *Lawrence,* 32 Misc. Rep. 503, 66 N. Y. Supp. 393.) Interpleader is of purely equitable cognizance, and a justice of the peace has no jurisdiction thereof. *(Duke* v. *Duke,* 93 Mo. App. 244; *Marcus* v. *Aufses,* 94 N. Y. Supp. 397 (City Ct. S. T.).) Neither was the application of the company for interpleader made before answer, nor was it accompanied by any affidavit such as in section 1760, Code of Civil Procedure. *(Hoyt* v. *Gouge,* 125 Iowa, 603, 101 N. W. 464; *First Nat. Bank of Cadiz* v. *Beebe,* 62 Ohio St. 41, 56 N. E. 485.)

The district court did not have jurisdiction to hear the appeal, the appellant failing to serve a notice of appeal upon all the adverse parties, that is to say, upon all whose rights might be affected by reversal of the judgment. *(Williams* v. *Santa Clara M. Co.,* 66 Cal. 193, 5 Pac. 85; see, also, *Toy* v. *San Francisco etc. R. R. Co.,* 75 Cal. 542, 17 Pac. 700.)

*Messrs. Donovan & Melzner,* for Respondent.

The purpose of the Code builders was to simplify the procedure and to make actions direct instead of circuitous. (Phillips' Code Pleading, secs. 286, 453.) For this purpose they drew largely upon the rules of equity in pleading and practice. (Phillips' Code Pleading, sec. 453.) And the Code conferred upon the law court, sitting as such, the power to make an order that a third party claimant be substituted as defendant in place of the party who has no interest in the controversy. (4 Pomeroy's Equity Jurisprudence, secs. 1320, 1329; Phillips' Code Pleading,

sec. 495; Cowdery's Justice Treatise, sec. 136; 23 Cyc. 15, 35.) Interpleader under the Code is not a "case in equity." (*Hamlyn* v. *Betteley,* 62 Q. B. Div. 63.) The following authorities expressly hold that this power of substituting the real party in interest for the one without interest is conferred on justice courts: 24 Cyc. 514; *Moore* v. *Ernst,* 54 Miss. 642; *Geller* v. *Puchta,* 1 Ohio C. C. 30; digested in 23 Cyc. 31, note 35; Cowdery's Justice Treatise, sec. 136. The following cases hold that after the substitution is made, the action continues an action at law: *Clark* v. *Mosher,* 5 N. Y. St. Rep. 84; *Maginnis* v. *Schwab,* 24 Ohio St. 336; *Brownfield* v. *Canon,* 25 Pa. St. 299; see, also, Foster Federal Practice, sec. 88, equity directing action of law where both claims legal.

Neither Frankovich nor the Red Metal Mining Company was an "adverse party" within the meaning of the statute, upon whom it was necessary to serve notice of appeal. (*Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Ward* v. *Walker,* 111 Iowa, 611, 82 N. W. 1028; *Dittenhoefer* v. *Coeur d'Alene Clothing Co.,* 4 Wash. 519, 30 Pac. 660; *Koons* v. *Mellett,* 121 Ind. 585, 23 N. E. 95, 7 L. R. A. 231; *Watson* v. *Sawyer,* 12 Wash. 35, 40 Pac. 413, 41 Pac. 43.)

The regularity of the order of substitution could not be reviewed in the district court because not raised in the justice court, the defendants Paris Bros. having voluntarily appeared. (*Clark* v. *Great Northern Ry.,* 30 Mont. 458, 465, 76 Pac. 1003.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action originated in a justice of the peace court. It was brought to recover a judgment against the Red Metal Mining Company, hereinafter referred to as the "company," upon an account for $94 for labor performed for the company during September, 1907, by one Frankovich, which the plaintiff alleges had been assigned to him for value. Frankovich and Paris Bros., a copartnership, were made parties defendant.

The complaint contains allegations sufficient to state a cause of action against the company. No attempt is made to state a cause of action against Frankovich, nor in the prayer is judgment demanded against him. As to the appellants Paris Bros., it is alleged that they claim to be the assignees of the account under an assignment by Frankovich, but that this assignment is a forgery, and therefore void. In the prayer the plaintiff demands that the Paris Bros.' assignment be declared void, and that he have judgment for the amount of the account and for costs. Paris Bros. interposed a general demurrer to the complaint, which was sustained. The company filed an answer. After the demurrer of the Paris Bros. was sustained, it filed an amended answer, which was verified, in which it admitted all the allegations of the complaint, except as to the merits of the respective assignments of the plaintiff and Paris Bros. As to these, it is alleged that it had no knowledge or information sufficient to form a belief, and, further, that both plaintiff and defendants Paris Bros. were claiming the money due on the Frankovich account under their alleged assignments. It concluded with a prayer that an order be made allowing it to pay into court the amount of the account; that Frankovich and Paris Bros. be substituted as parties defendant in its stead; that the action be dismissed as to it; and that the plaintiff and Paris Bros. be required to submit their respective claims for determination. The order prayed for having been made, the company paid the amount of the account to the justice. Frankovich filed his answer, admitting that he had assigned the account to the plaintiff, and alleging that he had never after made any claim to the amount due thereon. Paris Bros., without objection and apparently without formal notice of the order, answered. After putting in issue the material allegations of the complaint, they allege, as the basis of their claim, that during the month of October, 1906, Frankovich being indebted to them to the amount of $109, they instituted an action against him to recover the same; that they had caused an attachment to issue and to be levied upon the moneys due him from the company, to secure the

payment of the judgment which it sought to recover in the cause; that judgment was duly given and made in said cause in their favor, and against Frankovich for the sum of $109 and costs; that they thereupon caused an execution to be issued thereon, and to be levied upon the moneys in the hands of the company, and that, by reason of these facts, the moneys in the hands of the court belonged to the defendants Paris Bros., and not to the plaintiff.

A trial on the issue thus framed resulted in a judgment in favor of the Paris Bros. Thereupon the plaintiff appealed to the district court. His notice of appeal was not served on Frankovich. When the record was filed in the district court, counsel for Paris Bros. moved to dismiss the appeal on the ground that the court was without jurisdiction of the action or of the appeal. This motion was overruled. The demurrer of Paris Bros., interposed before the order of substitution was made, was submitted to the district court, but was overruled. The trial resulted in a judgment for plaintiff; defendants Paris Bros. declining to offer any evidence, but contenting themselves with their general objection to the jurisdiction of the court to entertain the appeal and try the case. These defendants have appealed to this court from the judgment and an order denying them a new trial.

The contention is made that it is manifest from the complaint filed in the justice's court that the relief sought by the plaintiff is equitable in its nature, and that, since under the Constitution (Art. VIII, sec. 21) a justice's court has no equity jurisdiction, it had no power to proceed with the trial, hence the jurisdiction of the district court did not attach by virtue of the appeal, in that its jurisdiction on appeal is the same as that of the justice's court.

It has frequently been held by this court that, if the justice's court has no jurisdiction of the subject matter in a particular case, the district court on appeal acquires none, except to dismiss the appeal and render judgment for costs. (*Gassert* v. *Bogk,* 7 Mont. 585, 19 Pac. 281, 1 L. R. A. 240; *Shea* v. *Regan,*

29 Mont. 308, 74 Pac. 737; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695.)   It does not necessarily follow, however, that the character of an action is to be determined by particular allegations incorporated in the complaint.   In a given case a party may assume that he is entitled to equitable relief, and proceed to formulate his pleadings accordingly.   It may be apparent therefrom that he is not entitled to the relief he seeks, yet he will not for this reason be turned out of court, if upon any theory of his pleading he is entitled to other relief.   Under the Constitution (Art. VIII, sec. 28) there is but one form of action in this state.   Law and equity may be administered in the same case.   A mistake as to the form in which the action should be brought, or as to the relief which may be demanded upon the statement of facts made, is of no moment.   If equitable relief is demanded, but the facts do not warrant this character of relief, a complaint will be sustained for legal relief, if the facts warrant it.   (*Donovan* v. *McDevitt, ante,* p. 61, 92 Pac. 49.)

In this case the plaintiff made Frankovich and Paris Bros. parties.   His counsel seem to have proceeded upon the assumption that by so doing he could secure the cancellation of the alleged forged assignment held by Paris Bros.   In this they were in error.   The court could not grant that character of relief.   This contention was made by Paris Bros.' demurrer.   The justice, in sustaining this, sustained the contention of defendants that he was without equitable jurisdiction.   He retained the action as between the plaintiff and the company, as he should have done.   This condition left a simple legal question of the liability of the defendant company to the plaintiff, which the justice had jurisdiction to determine.   (Code Civ. Proc., sec. 66.)   As between these parties the action was one arising on a contract for the payment of money.   So far, then, there can be no doubt that the action of the justice was correct.   A judgment rendered settling the question of the liability of the company to the plaintiff would have been valid.

Did the justice lose jurisdiction of the case by making the order of substitution? In other words, was the case converted into an equity case by this order? A solution of the question involved turns upon a correct answer to the inquiry: What is the scope and application of section 588 of the Code of Civil Procedure, which declares:

"A defendant against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent to one another."

There is a conflict in the decisions as to the result of an order of substitution made under the first sentence of this section. Some of the courts, as in New York and Missouri (*Clark* v. *Mosher*, 107 N. Y. 118, 1 Am. St. Rep. 798, 14 N. E. 96; *Dinley, Admx., etc.* v. *McCullagh*, 92 Hun, 454, 36 N. Y. Supp. 1007; *Miller* v. *Metropolitan Life Ins. Co.*, 68 Mo. App. 19), hold that such a substitution converts a case which was at law into one of equitable cognizance. It seems to us, however, that these courts overlook the fact that the method of interpleader pro-

vided for in this portion of the section had its origin at the common law, and is cognizable by courts proceeding according to the common law.  Originally in cases of joint bailment, when separate actions in detinue were brought by the bailors, the bailee might require them to interplead.  If only one had brought suit and the other threatened to sue, the bailee might have the other brought in by garnishment.  This might be done, also, by the finder of property under the same circumstances.  (2 Story's Equity Jurisprudence, 801-803.)  In one or two other kinds of actions at law this legal interpleader might be resorted to.

Our statute,—and most of the states have a similar one,—was modeled after the English statutes of 1 and 2 William IV (Chapter 58, section 1) and 23 and 24 Victoria (Chapter 126, section 12).  The first included actions in debt, assumpsit, detinue, and trover.  The latter was enacted to avoid the effect of the decision in *Crawshay* v. *Thornton*, 2 Mylne & C. 1 (English Rep. 40, Full Reprint, p. 541), in which it was held by Lord Cottenham that there can be no interpleader where the rights asserted by the claimants are independent, and have not a common origin (4 Pomeroy's Equity Jurisprudence, sec. 1324, notes).  In the class of actions named, after substitution was made, the cause proceeded in the same court between the plaintiff and the substituted defendant, and the question of right was determined according to the course of the common law.  (*Hamlyn* v. *Betteley*, 6 Q. B. Div. 63.)  If a suit is not brought by either claimant, the person against whom the conflicting claims are made may bring his action in equity to compel them to interplead; for, having no cause of action against either of them, he cannot bring an action at law.  The second sentence of the section provides for this situation.  The last sentence embodies the provision of section 12 of the statute of Victoria, *supra*.

Clearly the section, taken as a whole, is intended to cover the subject of interpleader, both at law and in equity; one purpose being, as declared by the statute of William, *supra,* to enable courts of law to grant relief in a summary way in many cases

in which theretofore they could grant none. So, while there is a conflict in the decisions of the courts in the United States as to the question whether such cases as the one at bar become of equitable cognizance after substitution is made, there can be no doubt that on principle such is not the case. If the case be one which presents only legal issues, it is not changed in character merely by the substitution, but proceeds according to law, unless, as may be the case, some equitable defense is interposed which invokes the equity powers of the court. This may be the case under the Code, because our courts of general jurisdiction administer both law and equity. It could not be so, however, as pointed out above, in case arising in a justice's court. In support of this view, we cite the following authorities: 4 Pomeroy's Equity Jurisprudence, sec. 1329; *Maginnis* v. *Schwab*, 24 Ohio St. 336; *First Nat. Bank* v. *Beebe*, 62 Ohio St. 41, 56 N. E. 485; *McElroy* v. *Baer*, 9 Civ. Proc. Rep. (N. Y) 133; *Satkofsky* v. *Jarmulowsky*, 49 Misc. Rep. 624, 97 N. Y. Supp. 357; *Bixby* v. *Blair & Co.*, 56 Iowa, 416, 9 N. W. 318; *Hoyt* v. *Gouge*, 125 Iowa, 603, 101 N. W. 464; *Moore* v. *Ernst*, 54 Miss. 642; note to *Clark* v. *Mosher*, 1 Am. St. Rep. 800; Phillips' Code Pleading, sec. 459.

The claims of the parties here present strictly legal issues. The plaintiff claims by assignment. The defendants Paris Bros. claim by virtue of their levy under their execution. The court was not called on to aid these defendants in any way to enforce the lien of their execution, but was required simply to determine whether they had a lien which was paramount to the title of the plaintiff under his assignment. If the plaintiff had not shown title under his assignment, these defendants would have been entitled to judgment for their costs, and they would have been entitled to nothing more if the suit had been brought in the district court, which has equitable jurisdiction, in the first instance. It is doubtful whether an action for equitable interpleader would have been entertained after this action was brought; for, as suggested in *Hoyt* v. *Gouge, supra*, the company had a remedy at law, which it properly invoked, and thus was

not entitled to go into a court of equity, because this remedy was adequate.

It is true that the formal affidavit was not filed. The application for substitution was made on the amended answer; but Paris Bros. became defendants without protest or objection. The irregularity in the mode of their substitution was thus waived.

It is said that the district court had no jurisdiction of the appeal because Frankovich was not served with the notice, as required by the statute. (Code Civ. Proc., sec. 1760.) An adverse party, within the meaning of this statute, is one "who has an interest in opposing the object sought to be accomplished by the appeal." (*Power & Bro.* v. *Murphy,* 26 Mont. 387, 68 Pac. 411.) In *Harper* v. *Hildreth,* 99 Cal. 265, 33 Pac. 1103, it is said: "Whether a party to the action is 'adverse' to the appellant must be determined by their position on the record and the averments in their pleadings, rather than from the manner in which they manifest their wishes at the trial, or from any presumption to be drawn from their relations to each other, or to the subject-matter of the action in matters outside of the action. * * * If his (the party's) position on the record makes him nominally adverse, he must be so considered for the purpose of an appeal from the judgment thereon." While this is true, it does not follow that one who is neither a necessary nor a proper party to the action must be considered adverse merely because he appears as such upon the record. Having parted with his title to the fund by his assignment to the plaintiff, as he admits, Frankovich was not a necessary or proper party, because he had no interest in the action. His presence as a party, therefore, was no more appropriate than that of any other stranger. No relief was demanded against him, nor did he demand any. Nor could he have any interest in the result of the appeal. The justice might have dismissed the action as to him of his own motion. This would not have affected him in the least. Under such circumstances, he was not an adverse party, and it was

not incumbent upon plaintiff to treat him as such. The motion to dismiss the appeal was properly denied.

It is said that the court should have sustained Paris Bros.' demurrer. In this contention there is no merit. The justice sustained the demurrer, and practically dismissed these defendants out of the case. This was upon the theory, presumably, that he would not entertain the action as brought and grant the relief demanded against them. It had accomplished its purpose. When the order of substitution was made, the objection was not urged that the complaint did not tender an issue upon the question of right between them and the plaintiff. The district court should have disregarded it, as it virtually did by overruling it.

The court overruled an objection to evidence of a conversation had between plaintiff and Frankovich at the time the assignment was made. The conversation related to the consideration for the assignment; such consideration being medical services rendered to Frankovich by the plaintiff, who is a physician. No question was made as to the sufficiency of the consideration to support the assignment, nor as to whether it was for value. The evidence was therefore not competent. But it is apparent that the ruling was not prejudicial. The appellants offered no evidence, but rested their case entirely upon their objection to the jurisdiction. Upon the evidence furnished by the writing alone, the court was justified in directing a verdict for plaintiff as it did. The admission of the incompetent evidence could not have affected the judgment of the court in this matter.

The verdict returned under the direction of the court is as follows: "We, the jury in the above-entitled action, find as our verdict that the plaintiff A. E. Anderson is entitled to the sum of $94 heretofore paid into court." It is said that there is no evidence that any sum had been paid into court, and hence no evidence to support this verdict. It is apparent, however, that the parties and the judge proceeded upon the assumption that the company had paid to the justice the amount in controversy at the time it was dismissed from the case and was in the

hands of the clerk at the time of the trial.   The fact that it had been paid to the justice is recited in the answer of Paris Bros. In any event, we must assume that the fact that it had been paid to the clerk was known to the court, or, if not actually known, was ascertained before it adjudged that the sum belonged to the plaintiff.   There is no merit in this contention.

The judgment entered declares the plaintiff entitled to recover of Paris Bros. the sum of $94 in the hands of the clerk, with interest and costs.   It is not correct in awarding any recovery as against the appellants, except for costs.   It would be manifestly wrong that appellants should be compelled to pay interest for the time during which the sum in controversy was in the hands of the clerk.   The judgment should simply have awarded the sum in dispute to the plaintiff, and adjudged appellants to pay the costs.

The cause is remanded, with directions to the district court to modify the judgment as herein indicated.   When so modified it will stand affirmed, the respondent to recover his costs.

*Modified and affirmed.*

Mr. Justice Holloway and Mr. Justice Smith concur.