METTLER, APPELLANT, *v.* ADAMSON ET AL., RESPONDENTS.

(No. 2,587.)

(Submitted December 18, 1908. Decided January 30, 1909.)

[99 Pac. 441.]

*Justices' Courts—Pleadings—Appeal—Record—Jurisdiction—Interpleader—Equitable Defenses.*

Justices' Courts—Pleadings—Reply.
1. A reply is not one of the pleadings which may be filed in a justice's court.

Appeal—Record—Papers—Identification.
2. Copies of papers incorporated in the record on appeal to the supreme court, in an action brought to the district court from a justice's court, which are not identified by a bill of exceptions, nor even referred to by the clerk's certificate as correct copies, will, on motion, be stricken out.

Same—Dismissal of Action—Final Decision—Exceptions.
3. An order of the district court sustaining a motion to dismiss an action appealed to it from a justice's court is a "final decision"; and as such it is deemed to have been excepted to. (Revised Codes, sec. 6784.)

Same—Record—Incorporation of Papers not Identified—Effect.
4. The fact that papers which could only be made a part of the record on appeal by bill of exceptions were merely copied into it without anything to identify them, did not destroy the character or identity of the record.

Same—From Justices' Courts to District Courts—Record on Appeal to Supreme Court—How Made up.
5. The record on appeal to the supreme court in an action brought to the district court from a justice's court must be made up as in cases originating in the district court, and it is not necessary that the whole record be embodied in a bill of exceptions.

Justices' Courts—Appeal—Jurisdiction of Appellate Court.
6. In an action appealed to the district court from a justice's court, the former has the same extent of jurisdiction as the latter had.

Same—Interpleader—Effect on Jurisdiction.

7. Where a justice of the peace had jurisdiction of the subject matter and the parties, in an action which at its commencement was a strictly legal one (to recover $66.97 on account of labor performed), a proper substitution of parties defendant did not have the effect of converting the cause from a legal into an equitable action and depriving the justice of jurisdiction to proceed.

Same—Jurisdiction—Equitable Defenses.

8. Defendants, properly substituted in an action before a justice of the peace brought by the assignee of a claim for labor, could not deprive him of jurisdiction by the interposition of a defense of which he had not jurisdiction, viz.: fraud in the assignment.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by F. W. Mettler against J. M. Adamson and another. From a judgment of the district court, on appeal from a justice's court, dismissing the action, plaintiff appeals. Reversed and remanded.

*Mr. W. D. Tipton,* for Appellant.

*Mr. E. A. Carleton,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff brought this action in one of the justices' courts of Helena township, to recover from the American Smelting and Refining Company, a corporation, the sum of $66.97, due on account for labor and services performed for the defendant by one J. Panjan during the month of March, 1907, it being alleged that the account had been assigned to one Lozar for value on March 13, and thereafter, on April 25, assigned by him to the plaintiff. It was brought into the district court by appeal. When it came on for trial in that court, the defendant moved for a dismissal of the action. This motion was sustained, and judgment entered for the defendants. Plaintiff appealed.

Soon after the record was filed in this court the defendants moved to have stricken therefrom all papers other than the copies of the complaint, answer, judgment and notice of appeal, on the ground that they are not authenticated by a bill of exceptions, and are therefore not properly a part of it. At the

same time a motion was filed asking for a dismissal of the appeal on the ground that the record does not contain a copy of the judgment-roll. Decision of these motions was deferred until a hearing on the merits, and were then submitted. The papers referred to are a copy of an affidavit by the defendant corporation, containing the necessary allegations to authorize the justice to order the persons who now appear as defendants to be substituted as such in its stead; a copy of the notice of the application for an order of substitution; a copy of the order; a copy of the justice's docket; a copy of the notice of appeal to the district court; a copy of plaintiff's reply; a copy of the motion made by the defendants to dismiss the action; and a copy of the order in the minutes of the court sustaining the motion. None of these are identified by a bill of exceptions, or otherwise, to bring them into the record. They are not even referred to by the clerk in his certificate as correct copies, he having certified the judgment-roll only. A reply is not one of the pleadings which may be filed in a justice's court. (Revised Codes, sec. 7006.) The motion to strike must therefore be sustained as to all of these papers, except the copy of the order sustaining the motion to dismiss the action. This was the final decision of the court disposing of the action. As such it is deemed to have been excepted to, and to preserve the exception, no formal bill was required. (Revised Codes, sec. 6784.) It is also properly a part of the judgment-roll. (Revised Codes, sec. 6806.) Do this and the other papers constitute the judgment-roll or record to be used on appeal?

Counsel for respondents insist that, even if all the papers that would otherwise constitute the roll are in the record, its character and identity are destroyed by the fact that the excluded papers are copied into it. There is no merit in this contention. All of them, except the order, might have been made a part of the record by bill of exceptions. Their presence in it does not affect the character of it because they are not embodied in a formal bill and certified by the trial judge.

Counsel insists, also, that since the cause originated in a justice's court, and the appeal to this court is from an intermedi-

ate court, and since the record must on its face show that the intermediate court properly obtained jurisdiction by appeal from the justice's court, the whole record should have been embodied in a bill of exceptions. This is the proper method of making up the record in some jurisdictions, based, it seems, upon provisions of statutes applicable. (*Tarwater* v. *Long,* 36 Mo. App. 182.) Under our statute, however, the record on appeal in such cases must be made up as in cases originating in the district court. The statute (Revised Codes, sec. 6806) declaring what it shall be makes no distinction between records in cases originating in the district court and those in cases brought into that court by appeal. There is no other provision specially applicable to the latter, so that this general provision must apply, or there can be no record on appeal to this court in such cases. In the title of the Revised Code of Civil Procedure, regulating appeals to this court, it is declared: "A judgment or order in a civil action, except when expressly made final by this Code, may be reviewed as prescribed in this title, and not otherwise." (Revised Codes, sec. 7096.) The general policy of our code provisions is that, after cases have reached the district court on appeal from a justice's court, the proceedings thenceforth shall be the same as in cases originating in the district court. The papers necessary to be presented to this court on appeal from the judgment are enumerated in section 7112, and among them is the judgment-roll. There is therefore before this court in this case sufficient to justify a review of the judgment and a determination of such questions as properly arise thereon touching the regularity of the proceedings in the district court in reaching it. The motion to dismiss the appeal is therefore denied.

When we come to examine the judgment upon the merits, however, we find a condition presenting some difficulty. It appears from the answer that the persons who now appear as defendants were not originally defendants, but were by order of the justice substituted as such. From this fact we may infer that the justice made the substitution in pursuance of the provisions of the statute (Revised Codes, sec. 6495); for it appears from

their allegations that they assert a right to the amount due on the account by virtue of a judgment against Panjan in favor of the defendant Smith by garnishment, under execution served upon the corporation subsequent to the date of the assignment by Panjan to Lozar, but prior to the assignment by the latter to the plaintff, the first assignment being alleged to have been fraudulent and colorable only, and made in order to defeat Panjan's creditors in the satisfaction of their claims against him. Defendant Adamson was made defendant for the reason that he is a constable for Helena township and levied the execution. No question was ever made in the district court that the cause had not been properly brought into that court by appeal. It cannot be gathered from the order exactly what the ground of the court's action was. It states that counsel for defendants objected to the introduction of any evidence, and moved to dismiss the action, and that the motion was, after argument, sustained. The judgment, however, contains sufficient recitals to make the ground of the action clear. It recites: "Counsel for defendants objected to the introduction of any evidence in this case, and moved the court to dismiss the same, for the reason that this court is without jurisdiction to try the same. After argument by counsel the court sustained said motion, and ordered said cause dismissed, and ordered judgment accordingly." Evidently the court and counsel had in mind the distinction between a motion to dismiss an appeal and one to dismiss an action, both being of the opinion that the court properly entertained the appeal in order to relieve the defendants of the necessity of making defense to an action over which the justice's court had no jurisdiction. In any event, this was the result, for, in basing his motion upon the ground stated, counsel assumed that the cause was properly in the district court on appeal, for such disposition of it as that court should deem proper, and thus challenged the jurisdiction of the justice's court over the subject matter.

Was the court in error in assuming that the justice's court was without jurisdiction? Manifestly so. It certainly had ju-

risdiction to entertain an action on the account (Revised Codes, sec. 6286). It had jurisdiction of the defendants, because they were present and defending without objection. But it was argued in this court that the substitution of them in place of the corporation converted the cause into one in equity, and that since a justice's court has no equity jurisdiction, the district court was not clothed with any by the appeal. In a proper case this line of argument is correct. A justice's court has no equity jurisdiction (Constitution, Article VIII, sec. 21), and the district court on appeal has the same extent of jurisdiction as the justice's court has. (*Shea* v. *Regan,* 29 Mont. 308, 74 Pac. 737; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695.) The substitution of the parties here, however, had no such result as is claimed by counsel. At its commencement the action was strictly a legal action. It is not questioned that the defendants were properly substituted in the case. Having properly come into the case, they could not deprive the justice's court of jurisdiction over it by interposing a defense which it could not entertain. If so, this course might be pursued, in any case, with disaster to a plaintiff who has a good cause of action upon which the justice's court could otherwise grant him relief. There are exceptions to this rule, but this case is not within any of them. (Revised Codes, sec. 6992.) The defense interposed is not equitable in character, within the constitutional prohibition. This prohibition extends to those matters only of which a court of equity has exclusive cognizance. Under the statute, in actions such as this one, interpleader by substitution of parties is permitted in courts proceeding according to the course of the common law, and this permission extends to justice's courts, as was pointed out by this court in *Anderson* v. *Red Metal Min. Co.,* 36 Mont. 312, 93 Pac. 44, where the identical question presented in this case was considered and decided. In that case the claim of the substituted defendant was based upon garnishment proceedings under execution, just as here, and the plaintiff sought recovery as assignee of the creditor of the original defendant. This court said: "The claims of the

parties here present strictly legal issues. The plaintiff claims by assignment. The defendants Paris Bros. claim by virtue of their levy under their execution. The court was not called on to aid these defendants in any way to enforce the lien of their execution, but was required simply to determine whether they had a lien which was paramount to the title of the plaintiff under his assignment. If the plaintiff had not shown title under his assignment, these defendants would have been entitled to judgment for their costs, and they would have been entitled to nothing more if the suit had been brought in the district court, which has equitable jurisdiction in the first instance."

The district court was therefore in error in dismissing the action. The judgment is reversed, and the cause is remanded, with directions to proceed with the trial on the merits, and make such disposition thereof as the rights of the parties require.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

Rehearing denied March 1, 1909.