## HIGHSMITH et al. v. TYLER STATE BANK & TRUST CO. et al.

### No. 6203.

Court of Civil Appeals of Texas. Texarkana.

April 4, 1946.

Rehearing Denied April 18, 1946.

Eades & Eades, Allen & Allen, and R. D. Hardy, all of Dallas, and Clyde F. Winn, of Waxahachie, for appellants.

Ernest Goens, Leslie Neill, and Ben Goodwin, all of Tyler, and J. A. Mallory, of Lindale, for appellees.

HALL, Chief Justice.

This is an appeal from an order of the District Court of Smith County, confirming judgment of the county court of that county, probating the will and codicil thereto, of Mrs. Eugenia Thweatt. The grounds for the contest in the court below were: (1) That Mrs. Thweatt, at the time she executed the will and codicil thereto, was a person of unsound mind, did not possess testamentary capacity and was in no respect capable of making a valid will; (2) that Mrs. Thweatt was unduly influenced to execute each of said instruments by compulsion, arguments, importunities and persuasions of other people. Appellees answered by exceptions and general denial. The trial was to the court without a jury and resulted as above set out.

By points 1 and 2 appellants contend (a) that the evidence is insufficient to support the judgment of the trial court and (b) that the judgment is against the overwhelming weight and preponderance of the testimony. On February 1, 1940, Mrs. Eugenia Thweatt executed the will and on February 26, 1940, she executed the codicil, both the subject of this controversy. Mrs. Thweatt died on December 24, 1941, and on January 14, 1942, the will with codicil attached was probated, and appellee, Tyler State Bank and Trust Company was named as administrator. No findings of fact and conclusions of law were filed and none requested, so the judgment must be sustained if there is sufficient evidence to support it on any theory of the case. Pennington v. Fleming, Tex.Civ.App., 212 S.W. 303; Blewett v. Richardson Independent School District, Tex.Civ.App., 230 S.W. 255. And it must be presumed that all issues of fact raised by the evidence were decided against appellants. Cooks', Waiters' & Waitresses' Union v. Theoharis, Tex.Civ.App., 228 S.W. 984. Since the will had been admitted to probate in the county court the burden of proof was upon the appellants to establish at least one of the grounds of the contest by a preponderance of the evidence. Chambers v. Winn, 137 Tex. 444, 154 S.W.2d 454.

No testimony was offered by appellants with respect to undue influence alleged to have been practiced upon Mrs. Thweatt, but all the testimony has reference to the mental condition of Mrs. Thweatt at the time she executed the will and codicil. The testimony offered by appellants was to the effect that on or about the dates of the execution of the will and codicil Mrs. Thweatt was a person of unsound mind, while the evidence offered by appellees was that at the time she executed the instruments she was a person of sound mind. It is true that appellees did not offer as many witnesses as did the appellants; however, the testimony offered by the appellees to our mind is clear and convincing, two of the witnesses being

the attorneys who drew the will and codicil. In our opinion the testimony raised a disputed issue with respect to the mental condition of Mrs. Thweatt at the time she executed the instruments, which, of course, was to be determined by the trier of the facts, in this instance the able trial judge. He resolved the issue. in favor of the appellees and we will not disturb his decision. El Paso Electric Co. v. Whitenack, Tex.Com.App., 1 S.W.2d 594; Chambers v. Winn, supra. In Foley Brothers Dry Goods Company v. Settegast, Tex.Civ. App., 133 S.W.2d 228, 234, writ refused, it is said: "The rule is well established in this state that an appellate court will not disturb the findings of a jury on conflicting evidence where there is some evidence to support their verdict, unless the verdict is so overwhelmingly against it as to shock the conscience or show clearly that the conclusion reached was wrong or was the result of some passion, prejudice, or improper motive." Citing cases. See also Woods v. Townsend, Tex.Sup., 192 S.W. 2d 884, not yet reported in the State reports. This rule is equally applicable to findings by the trial court when a jury is waived. These points are overruled.

Point 5, which embraces points 3 and 4, reads: "A jury having been demanded and the fee paid. and this cause placed upon the jury docket the court was without authority to permit said cause to be withdrawn from the jury docket, and to try the same without the aid of a jury, without the consent of the parties not represented by counsel and who did not appear or participate in the trial or agree to waive a jury."

By separate and independent appeal to this court by writ of error Walter H. Coleman, a defendant in the court below, also presents the same question for our decision. It is the contention of appellant here, and Walter H. Coleman in his appeal, that he, Coleman, did not waive a jury and did not consent to a trial of the case before the court without a jury. If the rights of the parties to this appeal and Walter H. Coleman to the estate of Mrs. Thweatt were severable, we would have no difficulty in disposing of this question, for the reason that it clearly appears from the record that the appellants waived a jury and consented to the trial of the issue before the court without a jury and this action would estop them from contending otherwise at this time; but as we view the case the will and codicil of Mrs. Thweatt are either valid or invalid, and we shall discuss these points as they relate to the acts and conduct of Walter H. Coleman, as affecting the rights of all parties to both appeals.

■ Art. 1, Section 15, of our Constitution, Vernon's Ann.St., provides: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." Many statutes have been enacted pursuant to the above constitutional provision, among which is R.S. Art. 2130 (now rule 220), reading: "When one party has applied for a jury trial, he shall not be permitted to withdraw such application without the consent of the parties *adversely interested.*" (Italics ours.) The provision last quoted is adhered to by the courts of this state with remarkable unanimity, Eastern Texas Traction Company v. Karner, Tex.Civ.App., 242 S.W. 252; Jones v. Hamby, Tex.Civ.App., 29 S.W. 75; Finnell v. Byrne, Tex.Civ.App., 7 S.W.2d 139; Wichita Falls Traction Company v. Cook, 122 Tex. 446, 60 S.W.2d 764. Where one party demands a jury and pays the fee the right thus secured inures to all the parties to the suit. Finnell v. Byrne, supra.

■ We shall discuss the rule of law set out above in the light of the facts of the case. Plaintiffs below, Highsmith and others, demanded a jury and paid the fee January 4, 1944. Trial was to the court without a jury on July 2 and 3, 1945, wherein judgment was rendered on the latter date, containing the declaration "came all the parties plaintiff and defendant by attorneys and announced ready for trial, and a jury being waived all matters of fact as well as of law were submitted to the court." Walter H. Coleman was on January 6, 1945, served with citation as a defendant in the case, at his residence in Wichita County, Texas. Coleman filed no answer, was not present at the trial either in person or by attorney, and no reason is shown for his failure to appear. His widowed mother and

two brothers were plaintiffs below, and are appellants here. Coleman's interest in the estate of Mrs. Thweatt is in no sense adverse to any of the appellants; it is identical with his two brothers. Amarillo Court of Civil Appeals in Sanitary Appliance Company v. French, Tex.Civ.App., 58 S.W.2d 159, writ dismissed, in passing upon R.S. Art. 2257 (now repealed) with respect to appeal by writ of error and the necessity of naming in the petition for the writ all parties *adversely interested,* quotes with approval the following definition of the term "adverse party" from 3 C.J. 1218: "An adverse party within the meaning of the rule is any party whose interest in the subject matter of the appeal is adverse to that of appellant or may be affected by the modification or reversal of the judgment or order appealed from." See, also, 4 C.J.S., Appeal and Error, § 592. In Century Dictionary the word adverse is defined as "antagonistic in purpose; opposite; hostile; inimical; as, adverse party." In the case of In re Toomey's Estate, 96 Mont. 489, 31 P.2d 729, 731, the Supreme Court of Montana in construing a statute of that state requiring service of copy of notice of appeal on the adverse party states: "An 'adverse party' is one who has an interest in opposing the object sought to be accomplished by the appeal. T. C. Power & Bro. v. Murphy, 26 Mont. 387, 68 P. 411; Merk v. Bowery Mining Co., 31 Mont. 298, 78 P. 519; Anderson v. Red Metal Mining Company, 36 Mont. 312, 93 P. 44. The remaining heirs, not served, were not adverse parties within the meaning of the statute; their interests were identical with that of the appellant."

Under the terms of R.S. Art. 3716, Coleman would have been incompetent to testify as to transactions with the deceased even though called by the opposite party by reason of the fact that his interest in the decedent's estate was identical with some of the plaintiffs (appellants). It is said in Hall v. Collins, Tex.Civ.App., 151 S.W.2d 338, 341, writ refused, as the settled law of this state: "When it appears 'that the interest of the parties nominally arrayed on opposite sides are in fact identical or allied, neither party will be permitted to call the other to testify as to a transaction with the decedent'", citing cases. Therefore, it is our conclusion that the action of the court below in trying the case without the aid of a jury is not violative of R.S. Art. 2130 (now rule 220). However, should we be mistaken in holding that the above statute and rule are inapplicable, then it is our opinion that Coleman, having a "take nothing" judgment in his favor, cannot complain on appeal at the action of the trial court in trying the case without a jury. Certainly if he cannot complain appellants are in no position to do so.

Judgment of the trial court is affirmed.