# Cases

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### February, 1890.

MARIETTA L. LANE, as EXECUTRIX, ETC., PLAINTIFF, RESPOND-
ENT, *v.* NEW YORK LIFE INSURANCE COMPANY,
APPELLANT, IMPLEADED WITH MALVINA A. DE METZ,
RESPONDENT.

*·Court of equity — right of, to discontinue an action, as against an unnecessary
defendant, which applies for leave to pay into court a fund, claimed by each of two
other parties to the action.*

In an action brought to obtain an adjudication that the plaintiff was entitled to a
certain fund, and that a life insurance company pay the same over to her, against
the life insurance company, and also against a party claiming a right to the fund
in question in opposition to the claim of the plaintiff, the insurance company
applied to be allowed to pay the fund into court, and to have the action discon-
tinued as to it.

*Held*, that the insurance company, under the circumstances, was entitled to the
relief asked for.

That section 820 of the Code of Civil Procedure, which provides that a defendant,
against whom an action to recover upon a contract, etc., is pending, may at any
time before answering, on proof by affidavit that a person not a party to the
action makes a demand against him for the same debt or property, have an
order for the substitution of that person in his place, was only enacted in refer-
ence, and intended to apply, to actions at law.

That a court of equity needed no statutory authority to justify its exercising the
same powers in an equity case, and discharging a defendant, as a party to
the action, where its presence therein had become unnecessary.

Appeal by the defendant, the New York Life Insurance Company, from an order, entered in the office of the clerk of the county of New York on December 12, 1889, denying a motion made by it for leave to deposit the amount referred to in the complaint in this action in a trust company, or for the payment of the same into court, and to be relieved thereupon from liability, and to have the action discontinued, as against it, as said order was resettled and amended by an order entered in the said clerk's office on January 6, 1890.

*James Byrne,* for the appellant.

*E. J. Nathan* and *G. S. Hastings* for the respondents.

Van Brunt, P. J.:

This action was brought by the plaintiff against the New York Life Insurance Company and one Malvina A. De Metz, a respondent herein, to determine the rights of the plaintiff to a certain fund in the hands of the defendant company.

The complaint alleges a willingness on the part of the company to pay this money, and then alleges a notice upon the part of the defendant De Metz to the defendant the Insurance Company to withhold the payment of such amount from the plaintiff, and thereby the plaintiff was prevented from collecting and receiving such amount. The complaint further alleges " that said amount has been retained and is now in the possession of the defendant, the New York Life Insurance Company, to abide the event of this action by reason of the said acts of the defendant Malvina A. De Metz, and for that. reason the said Malvina A. De Metz is made a defendant herein.

The complaint prays judgment that the plaintiff be adjudged to be entitled to said sum of money, and that the defendant company be adjudged to pay the same to the plaintiff. The defendant De Metz answered setting up her right to the fund in question, and praying judgment that the company be adjudged to pay the same to her. The defendant company, upon this state of facts, made application to the court to be allowed to pay the said fund into court and to have the action discontinued as to it. This motion was denied upon the ground that the court had no power to grant the same, and from the order thereupon entered this appeal is taken.

It is evident that the motion was denied upon the ground that the only power of the court to intervene arose from section 820 of the Code of Civil Procedure, which provides that a defendant against whom an action to recover upon a contract, or an action of ejectment or an action to recover a chattel, is pending, may, at any time before answer, on proof by affidavit, that a person not a party to the action makes a demand against him for the same debt or property, have an order for the substitution of that person in his place upon giving proper notice. It is apparent that the case at bar does not come within the provisions of section 820, because both the claimants to the fund in question are parties to the action. But it is to be observed that that section was intended to apply to actions at law and not to actions in equity. The provision is that a defendant against whom an action to recover upon contract is pending may obtain an order of substitution. This action is not upon contract. It is brought for the purpose of settling rival claims to a fund in the hands of the defendant company. The section in question has no application to actions brought to settle conflicting claims, where all the parties are before the court and the action is not upon a contract out of which the fund arises, but where the ground of interposition upon the part of the court rests upon the fact of the admitted existence of the fund and the conflicting claims in respect thereto. A court of equity needs no such authority to be conferred upon it, because it has the power at any time to discharge a defendant as a party to an action, where its presence has become unnecessary. This provision of the Code was intended to afford the same relief in actions at law which could be afforded in equity where all the parties were before the court. It enabled the court to allow the holder of the fund to bring the money into court and be discharged from all further litigation.

This a court of equity necessarily has, having all the parties before it. One of the defendants having no interest whatever in the controversy, as between the plaintiff and its co-defendant, being merely the holder of the fund, makes its application to the court to be discharged upon bringing the fund into court. The result of a different rule would be that the court could afford greater relief in actions at law than it can do in actions in equity. It is apparent that this provision of the Code is applicable only to actions at law,

because in an action at law to recover upon this policy it would not have been possible to have made the claimant De Metz a party. She could have demurred; no cause of action would have been set up against her, and it is only by reason of the provisions of section 820 of the Code that she could have been brought in, and she must be brought in in that way, and in no other. In an action in equity, upon the other hand, brought to determine the rival claims of these two parties to this fund, she could be made a party and was made a party; and the court, having obtained jurisdiction of these various parties, could permit the discontinuance of the action as to one of the parties; allowing the others to go on and litigate the subject-matter of their dispute.

The rule laid down in Barbour's Chancery (2d ed. vol. 2, p. 120, is explicit that it is not necessary to file a bill of interpleader where the holder of the fund is already a party to a suit in this court (namely, the Court of Chancery), brought by one claimant against the other to settle the right to the fund in his hands. The holder of the fund in such a case should apply by petition in that suit for leave to pay the fund into court, to abide the event of the litigation between the other parties. And *Bedell* v. *Hoffman* (2 Paige, 199) and *Badeau* v. *Rogers* (2 id., 209) are cited as authorities for this proposition, which they sustain.

We think, therefore, that the learned judge in the court below erred in supposing that a court of equity, having all the parties before it, had no power to grant relief in a case such as the one at bar.

The order should be reversed, with ten dollars costs and disbursements as against the respondents Lane and De Metz.

BARRETT and BARTLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements as against the respondents Lane and De Metz.