Stanton R. Hoyt, Appellant, v. Jesse Gouge, and P. W.
Lee, Appellees.

**Bill of interpleader.** The old form of equitable action known as a bill
of interpleader is concurrent with and not superseded by the statu-
tory remedies authorizing other parties to be brought in or sub-
stituted.

**Same.** To support a bill of interpleader, the obligations must grow
out of one liability, and the consideration must be the same although
evidenced by separate contracts, as the object of the bill is not to
protect a party against double liability but against double vexation
respecting one liability.

**Interpleader:** WHEN ACTION WILL NOT LIE. Where the claims of
parties are under distinct contracts and not for the same thing or
necessarily in conflict, the action of interpleader cannot be main-
tained.

**Same.** A bill of interpleader will not lie where the plaintiff has a
plain, speedy and adequate remedy at law, as where another action
is pending for the demand to which an adverse claimant may be
made a party under the statute.

*Appeal from Hamilton District Court.*— Hon. J. R.
Whitaker, Judge.

Friday, November 18, 1904.

This is an action in equity, which would have been
denominated under the old chancery practice as a bill of inter-
pleader, wherein plaintiff asks the court to adjudge and
determine which of the two defendants is entitled to a com-
mission for the sale of certain real estate made by plaintiff
to one Hodge. Issue was tendered by each of the defend-
ants, and the case was tried to the court, resulting in a de-
cree dismissing plaintiff's petition, and he appeals.— *Af-
firmed.*

*Wesley Martin,* for appellant.

*Jesse Gouge* and *D. C. Chase,* for appellees.

DEEMER, C. J.— While there is no express statute authorizing interpleader, except in actions of replevin (Code, section 3487), yet there is a general statute providing that a plaintiff may prosecute his action by equitable proceedings in all cases where courts of equity before the adoption of the Code had jurisdiction (Code, section 3427). In *Stephenson v. Stephenson,* 64 Iowa, 534, we recognized the continued existence of such a remedy, although there was no direct challenge there of the right of a court to do so. But it seems to be the general rule everywhere that the action of interpleader is concurrent with, and is not superseded by statutory remedies authorizing defendants in law actions to bring in other parties, or to have other parties substituted. *Crane v. McDonald,* 118 N. Y. 648 (23 N. E. Rep. 991) ; *Board of Education v. Scoville,* 13 Kan. 17; *Cullen v. Dawson,* 24 Minn. 66; *Fahie v. Lindsay,* 8 Or. 474; *Barry v. Ins. Co.,* 53 N. Y. 536; *Lane v. Ins. Co.,* 56 Hun, 92 (9 N. Y. Supp. 52).

1. BILL OF INTERPLEADER.

Assuming, then, that plaintiff had the right to bring such an action, we have to determine whether or not the trial court was in error in dismissing his petition. To do that, we must consult the old rules of chancery practice with reference to such matters. In order to sustain such a bill, it must appear, among other things, that two or more persons claim the same debt or duty from the plaintiff by different or separate interests, and, he not knowing to which of the claimants he ought of right to render the debt or duty, fears that he may suffer some injury from their conflicting claims; and he asks that they may be compelled to interplead, and to state their several claims, so that the court may determine to whom the debt or duty belongs. Generally the bill will not lie when one has a clear and unembarrassed remedy at law; and it is also held, although there is some dispute on the proposition, that there must be a privity of estate or contract between the defendant claimants. See *Crane v. McDonald, supra; Stone v. Reed,* 152

2. SAME.

Mass. 179 (25 N. E. Rep. 49); *Kyle v. Mary Lee Coal &
Ry. Co.,* 112 Ala. 606, 20 South. Rep. 851; *Morristown
Bank v. Bininger,* 26 N. J. Eq. 345. Just how far this
last rule should be carried, we are not called upon at this
time to decide. But it is everywhere held that the object
of the bill is not to protect a party against double liability,
but against a double vexation in respect of one liability.
*Green v. Mumford,* 4 R. I. 313. This is reasonable doctrine.
If plaintiff is liable to both claimants, there is no case for
interpleader. See *McCormick v. Supreme Council,* 6 App.
Div. 175 (39 N. Y. Supp. 1010). Although it is a general
rule that liability must be under the same and identical con-
tract (*Conley v. Ins. Co.,* 67 Ala. 472), still we think that
if there is but one liability — one debt — although evi-
denced by separate contracts, the action will lie, although in
such a case the obligations must be identical, and the con-
sideration the same. In other words, the case must be such
that plaintiff, upon interpleader decreed, may step out of
the case altogether. If this were not true, a claimant might
be deprived of his right to trial by jury, and unduly delayed
in his legal remedies.

With these rules settled, we now go to the case in hand,
and find that, under the allegations of the petition, plaintiff
had listed his lands for sale with each of the defendants;
that they were each claiming to have produced
Hodge, the purchaser, and each claiming the
agreed commission of $200; that he (plaintiff)
was ready to pay said sum to such one of the defendants as
should be found entitled thereto, but that he could not get
them to agree; that the defendant Gouge had commenced
suit in the district court of Hamilton county, claiming $200
of him (plaintiff); and that defendant Lee, although not
having commenced action, was claiming the commission for
the reason that he, and not Gouge, was the procuring cause
of the sale of the land. He further pleaded that he could
not pay either without danger of liability to the other, and

3. INTERPLEADER:
   when action
   will not lie.

he asked that the action already commenced be enjoined, and that the other defendant, Lee, be enjoined from commencing one. Plaintiff also brought into court the sum of $200, and deposited it with the clerk for the use of the defendant found entitled thereto. The defendants answered separately. Gouge admitted the bringing of the action at law, but denied that the terms of his contract with plaintiff were as stated by him, and averred that his agreement with plaintiff was separate and distinct, and in no way dependent upon the contract of any one else. He also exhibited his petition in the law action, to which we shall hereafter make reference. Lee answered, and averred that he found the purchaser, Hodge, and afterwards completed the sale to him, and that by procuring the purchaser and subsequently selling him the land he had earned his commission. He also denied all the allegations of plaintiff's petition and of Gouge's answer.

Without setting forth the testimony at length, it is sufficient to say that Lee was claiming a commission because he sold the land to Hodge, while Gouge was claiming a commission on two grounds: (1) For finding a purchaser to whom plaintiff sold the land; and (2) in virtue of a modification of the original contract, and an express agreement on the part of plaintiff, after he (Gouge) had produced Hodge, to the effect that he (plaintiff) would pay him (Gouge) $200 for his services, in trade from his plaintiff's store, in the event he (plaintiff) succeeded in making a sale to Hodge. It thus appears that the defendants herein were not making the same and identical claim. Lee was asking a commission for making the sale, while Gouge was claiming one for finding a purchaser, and by reason of an express subsequent agreement to pay him for having found the purchaser (Hodge) in the event plaintiff sold the land to him. This being the situation, a bill of interpleader will not lie, for it would deprive each of the defendants of his right to litigate his independent claim. Plaintiff could not,

after decree, step out of the case, and leave it to the rival claimants of the debt.

Moreover, Gouge had already commenced his action against plaintiff when this suit was brought, and it was then pending for trial at the term of court being held when this petition was filed. Under the statute, plaintiff had a plain, speedy, and adequate remedy, by asking that Lee be made a party to that suit, and his rights to the debt or fund adjudicated. Code, section 3466. Unless a bill of interpleader would have lain, this section does not, of course, apply; and we refer to it now simply to show that conceding plaintiff's claims, and his right ordinarily to maintain a bill of interpleader under the facts disclosed, still he had a plain, speedy, and adequate remedy at law, by reason of the pendency of Gouge's action at law. That action went to trial in the district court, resulting in a judgment for the plaintiff herein (defendant in that suit), and is now pending on appeal to this court. *Gouge v. Hoyt,* decided at the present term.

4. SAME.

We base our conclusion, however, on the broad proposition that these defendants are claiming under distinct and independent contracts, and on the further thought that their claims are not for the same thing or necessarily in conflict. Payment of one claim would not extinguish the other.

The following cases, which are exactly in point, sustain our conclusions: *Sachsel v. Farrar,* 35 Ill. App. 277; *Taylor v. Satterthwaite* (Com. Pl.) 22 N. Y. Supp. 187.

The decree of the district court seems to be right, and it is *affirmed.*