LANE et al. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1905.)

1. INSURANCE—POLICY—PROCEEDS — PAYMENT INTO COURT — DISCHARGE—SPECIAL TERM—JURISDICTION.

Where several parties made claim to the proceeds of a policy, the Special Term of the Supreme Court had jurisdiction to make an order discharging the insurer from all liability on payment of the proceeds of the policy into court.

2. SAME—COSTS.

Where an order was entered discharging an insurance society from liability for the proceeds of a policy, claimed by several persons, on its payment of such proceeds into court, it was error for the court to award $50 costs to such society, to be deducted from such proceeds.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interpleader, § 76.]

Appeal from Special Term, Kings County.

Action by Lillie Lane and others against the Equitable Life Assurance Society of the United States, and W. Morton Garden, individually, and as executor of George W. Kidd, deceased. From an order discharging defendant society from all liability in the action on paying into court a specified sum, with interest, defendant Garden, individually and as executor, etc., appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Gilbert W. Minor, for appellant.

Frederick S. Fisher (Abel E. Blackmar, on the brief), for respondents Lane and others.

William C. Diamond (Edward D. Brown, on the brief), for respondent Equitable Life Assur. Soc.

WILLARD BARTLETT, J. The Court at Special Term had jurisdiction to grant the order appealed from, under the authority of Lane v. New York Life Ins. Co., 56 Hun, 92, 9 N. Y. Supp. 52. It

does not seem to us that the appellant has any grievance on account of the amount fixed by the court below as payable in order to discharge the liability of the Equitable Life Assurance Society. He presented no affidavit bearing on that question, and we think that the recital in the order to the effect that his counsel appeared and consented "to the said payment into court" implies an assent on his part that the amount offered and admitted to be due by the Equitable Life Assurance Society was all to which any claimant was entitled under the policy of insurance in controversy.

In the brief for the appellant, however, objection is made to the award of $50 costs to the Equitable Life Assurance Society, to be deducted from the proceeds of the policy directed to be paid into court. We can see no propriety in this award of costs, and the order should be modified by striking it therefrom. No reason can be suggested why the claimants to the proceeds of an insurance policy should be compelled to pay anything to the insurance company because it is allowed to withdraw from a litigation by paying into court the sum of money which it concedes to be due to somebody.

Order modified by striking out the award of $50 costs to the Equitable Life Assurance Society, and, as thus modified, affirmed, without costs of this appeal. All concur.