LILLIE LANE and Others, Respondents, *v.* THE EQUITABLE LIFE
ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, and W.
MORTON GARDEN, Individually and as Executor, etc., of GEORGE
W. KIDD, Deceased, Appellant.

*Interpleader — payment of the amount of an insurance policy into court — the insurance company should not be allowed costs to be deducted from that amount before such payment.*

Where in an action to recover upon a policy of life insurance, brought against
the insurance company issuing the policy and a party claiming the proceeds of
such policy adverse to the plaintiffs, the Special Term discharges the insurance
company from all liability in the action upon its paying into court the pro-
ceeds of the policy, the order should not award costs to the insurance company
to be deducted from the proceeds of the policy directed to be paid into court.

APPEAL by the defendant, W. Morton Garden, individually and
as executor, etc., of George W. Kidd, deceased, from an order of
the Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the 28th
day of December, 1904, discharging the defendant, the Equitable
Life Assurance Society of the United States, from all liability in
this action upon paying into court the sum of $10,162.40, with
interest, and directing that upon the entry of final judgment the
appellant surrender and deliver up to said assurance society a cer-
tain policy of insurance.

*Gilbert W. Minor,* for the appellant.

*Frederick S. Fisher* [*Abel E. Blackmar* with him on the brief],
for the plaintiffs, respondents.

*William C. Diamond* [*Edward D. Brown* with him on the
brief], for the respondent Equitable Life Assurance Society.

WILLARD BARTLETT, J. :

The court at Special Term had jurisdiction to grant the order
appealed from, under the authority of *Lane* v. *New York Life
Ins. Co.* (56 Hun, 92). It does not seem to us that the appellant
has any grievance on account of the amount fixed by the court
below as payable in order to discharge the liability of the Equitable

Life Assurance Society. He presented no affidavit bearing on that question, and we think that the recital in the order to the effect that his counsel appeared and consented " to the said payment into court," implies an assent on his part that the amount offered and admitted to be due by the Equitable Life Assurance Society was all to which any claimant was entitled under the policy of insurance in controversy.

In the brief for the appellant, however, objection is made to the award of fifty dollars costs to the Equitable Life Assurance Society to be deducted from the proceeds of the policy directed to be paid into court. We can see no propriety in this award of costs, and the order should be modified by striking it therefrom. No reason can be suggested why the claimants to the proceeds of an insurance policy should be compelled to pay anything to the insurance company because it is allowed to withdraw from a litigation by paying into court the sum of money which it concedes to be due to somebody.

Order modified by striking out the award of fifty dollars costs to the Equitable Life Assurance Society, and as thus modified affirmed, without costs of this appeal.

HIRSCHBERG, P. J., JENKS, RICH and MILLER, JJ., concurred.

Order modified by striking out the award of fifty dollars costs to the Equitable Life Assurance Society, and as thus modified affirmed, without costs of this appeal.