G. P. FARMER COAL AND SUPPLY COMPANY et al.

*v.*

MAYME H. ALBRIGHT et al.

[Submitted June 12th, 1918.    Decided June 21st, 1918.]

1. In a suit in equity to settle rival claims to the proceeds of an insurance policy, it is unnecessary for the insurance company to file a bill of interpleader when the company is already a party to the suit, although one of the rival claimants has not answered. The company may protect itself from suit by such claimant by petitioning the court to restrain such action.

2. Where the insurance company is made a party to such suit it is entitled to costs, as it was required to appear and answer through no default on its part.

On bill, &c.

The bill disclosed this state of facts: The complainant G. P. Farmer Coal and Supply Company issued an attachment out of the Monmouth circuit against A. Fred Albright, and levied upon a policy on his life, payable to his wife, Mayme H. Albright, issued by the defendant New York Life Insurance Company. Leon R. Taylor was appointed auditor, and upon his report judgment was entered in the action. The assured is now deceased and his widow and the attaching creditor lay claim to the insurance. The contract of insurance was made in the State of New York, and its laws subject life insurance to the claims of creditors. The insurance company has refused to make payment because of the uncertainty of the rights of the rival claimants. The prayer of the bill is that the money be ordered paid into court upon delivering up of the policy, and that the proceeds be applied to the payment of the complainants' judgment. Mayme H. Albright, the beneficiary, is made a party defendant and has answered, contesting the complainants' right and joining in the prayer that the moneys be paid into court. The New York Life Insurance Company, in its answer, assumes a neutral position towards the parties, and by cross-bill or counter-claim interpleads and has paid the insurance money into court. Motion is made to strike out the cross-bill or counter-claim.

*Messrs. Kellogg & Chance,* for the complainants.

*Messrs. Durand, Ivins & Carton,* for the defendant Albright.

*Messrs. Dickinson & Bodine,* for the defendant New York Life Insurance Company.

BACKES, V. C.

This bill is in aid of proceedings at law and in effect is in the nature of a bill of interpleader to settle rival claims to a fund. All parties in interest are joined in the suit, and in the circum-

stances a cross-bill of interpleader was unnecessary 'for the protection of the stakeholder. It is not necessary to file a bill of interpleader where the holder of a fund is already a party to a suit in equity, brought by one claimant against the other, to settle the right to the fund in his hands. *2 Barb. Ch. Pr. (2d ed.) 120; Dan. Ch. Pr. (6th ed.) 1567; 23 Cyc. 5; Lane* v. *New York Life Insurance Co., 56 Hun 92.* A point is made of the fact that at the time the cross-bill was filed, the defendant Mayme H. Albright had not filed her answer submitting her claim to the jurisdiction of the court, and that, as the cause then stood, it afforded no protection to the insurance company as against her possible suit at law upon the policy. This is inadmissible, for the reason that the court would have restrained her from such proceedings, upon the filing of a petition in the cause. *Badeau* v. *Rogers, 2 Paige 209.*

The cross-bill will be permitted to stand as an answer and as a petition for permission to pay the money into court and to be discharged. Such is the practice that should have been followed. A decree may be entered, as moved, that the policy be surrendered and the company be absolved from further liability thereon, and that it be dismissed from the suit. As the company was brought into court and required to answer, not because of any default on its part, it is entitled to its costs. A counsel fee of $50 will be allowed out of the fund, to be taxed as part of the costs, and to be eventually restored by the unsuccessful party.