MICHIGAN FIRE AND MARINE INSURANCE COMPANY, a Michigan corporation

v.

GENIE CRAFT CORPORATION, a Delaware corporation, Mitchell Stevan, Trustee in Bankruptcy of Genie Craft Corporation, Lawrence Warehouse Company, a California corporation, The Goodman-Gable-Gould Company, a Maryland corporation, Union Trust Company of the District of Columbia, a District of Columbia banking corporation, Charles O. Gunther, Jr., George O. Sparks, Jr., and Luther H. Reese, t/a Bartels & Spamer, Modern Wholesale Sewing Machine Distributing Company, a New York corporation, Stradivaro Sewing Machine Company of America, a New York corporation, The A. S. Abell Company, a Maryland corporation, Edith C. Bagliani, t/a Radio Electric Service Company, Robert U. Cooper, Joseph A. Weber, Paul H. Otto, Edward A. Terres, John L. Goldstein, Clarence D. Stauffer, State Finance Corporation, a Maryland corporation, Irving Machiz, District Director of Internal Revenue for the District of Maryland, Fairmount Realty Corporation, a Maryland corporation, and Beneficial Discount Company of Maryland, a Maryland corporation.

Civ. No. 11789.

United States District Court
D. Maryland.
May 10, 1960.

Charles Markell, Jr., and Markell, Veazey & Gans, Baltimore, Md., for plaintiff.

James M. Earnest, James D. Newton, Washington, D. C., and M. Peter Moser, Baltimore, Md., for Union Trust Co. of the District of Columbia.

Mitchell Stevan, Baltimore, Md., trustee in bankruptcy of Genie Craft, pro se.

Irving Grandberg and Eugene Schonfield, Baltimore, Md., for other defendants.

THOMSEN, Chief Judge.

This is an action of interpleader under 28 U.S.C.A. § 1335. Plaintiff is a fire insurance company, which issued a policy to Genie Craft Corporation, now bankrupt. Defendants are adverse claimants to all or part of the sum of $73,261.32, the net amount agreed to be due by plaintiff under its policy as the result of a fire which occurred on December 26, 1957. Plaintiff has paid the $73,261.32 into the registry of this court, and the customary injunction has been

issued, restraining defendants from instituting or prosecuting suits against plaintiff.

I. One of the defendants, Union Trust Company of the District of Columbia, has moved for summary judgment and modification of the injunction on the ground that plaintiff is not a disinterested stakeholder because "by accepting an assignment of a part of the proceeds of the insurance policy to the Munsey Trust Company, predecessor of the Union Trust Company, the plaintiff herein incurred an independent liability to this defendant in respect of such proceeds and therefore cannot maintain their action for Interpleader against the defendant Union Trust Company." The Munsey Trust and the Union Trust will be referred to collectively herein as the Trust Company.

II. The Trustee has raised a point which should be decided at this time since its decision in favor of the Trustee would make many other questions moot.

I.

■ The amended answer of the Trust Company, supported by affidavits and exhibits, alleges facts which will be assumed to be true for the purpose of this motion: That on June 8, 1956, the Trust Company agreed to lend Genie Craft from time to time money for the conduct of its business. On or about August 3, 1957, Genie Craft pledged and assigned to the Trust Company certain merchandise having a declared value of $37,997.09 deposited in Lawrence Warehouse Company's Warehouse No. 55, located at Genie Craft's place of business, 11 N. Howard St., Baltimore, Md., and caused the Warehouse Company to issue to the Trust Company non-negotiable warehouse receipts for the merchandise. It is alleged that there was an express or implied agreement on the part of Genie Craft that the Trust Company would be named in the loss payee clause of the insurance policy, but through inadvertence this was not done. Nevertheless it is alleged that the loans from the Trust Company to Genie Craft, which exceeded the value of the merchandise

pledged, were predicated upon an actual or implied equitable lien or assignment to the Trust Company of the fire insurance policy.

At the time of the fire, December 26, 1957, the value of the pledged merchandise so deposited and stored was $30,050.-91, and substantially all of it was destroyed. It is alleged that $25,861.44 is presently due the Trust Company by Genie Craft on account of the secured loans.

On December 31, 1957, Genie Craft executed and tendered to the Trust Company a written assignment of the first $22,500.00 payable on account of the fire loss under the insurance policy after payment of the adjusters' fee. The assignment was not accepted by the Trust Company because it did not embody the full agreement of the parties, and on or about January 3, 1958, Genie Craft executed and delivered to the Trust Company another assignment which recited that the assignment was made pursuant to the alleged understanding that the Trust Company was to have been endorsed as a loss payee on the policy.

The Trust Company sent the assignment to plaintiff, which wrote the Trust Company on January 9, 1958, acknowledging receipt of the assignment, and advising the Trust Company that the policy had been reinsured 100% by Empire State Insurance Company, and that the assignment had therefore been forwarded to it.

On January 14, 1958, Empire, as reinsurer of the plaintiff company, accepted the assignment.

Claims to the $73,261.32 fund have been filed by the Trustee in Bankruptcy of Genie Craft, by other assignees of the claim against plaintiff whose assignments were executed before the bankruptcy proceedings were instituted against Genie Craft in February, 1958, and by others claiming liens on the proceeds of the policy for one reason or another.

It is noteworthy that the $73,261.32 was paid into the registry of the court by plaintiff and not by Empire; that

Empire is not a party to this case, and that the injunction issued herein does not restrain the Trust Company from suing Empire.

It would appear, therefore, that there has been no acceptance of the assignment by plaintiff, nor has plaintiff incurred any independent liability to the Trust Company, whatever liability Empire may have incurred. In any event, the assignment and the acceptance thereof purport to be only an assignment of part of the right and interest of the insured, Genie Craft Corporation, under the particular policy. It does not purport to involve an undertaking by the insurer to pay the assignee regardless of other legal requirements or of the rights of Genie Craft Corporation.

The Trust Company argues that the assignment in question was intended to correct an omission which occurred when it was not named as a loss payee on the policy when the loan was made to Genie Craft. This fact is disputed by the Trustee and other claimants, but if it is true, the Trust Company was merely attempting to attain, at a later date, the loss payee status that it claims it should have had originally. That status does not involve any independent liability of the insurer to the loss payee, who is subject to all defenses and rights which might be asserted against the insured. Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co., 158 Md. 169, 176, 148 A. 252. The court would still have to determine the rights of the loss payee as against the rights of the insured, its Trustee in Bankruptcy, and other persons claiming rights in the fund by way of assignment or otherwise.

Plaintiff has paid the full amount of the agreed claim for fire loss into the registry of this court, and does not seek to get any of it back. It should be treated as a disinterested stakeholder, entitled to bring this proceeding under 28 U.S.C.A. 1335. The real contest is between Union Trust Company, the Trustee in Bankruptcy and the other claimants to the fund. That controversy cannot satisfactorily be disposed of unless all parties are before the same court, as they are here.

The motion of the Trust Company must be denied. This denial is without prejudice to any right the Trust Company may have to collect from Empire, as to which I intimate no opinion, and without prejudice to whatever rights the Trust Company may have to collect $25,-866.14 or $22,500 or any other amount out of the fund. The latter question should not be decided on a motion for summary judgment.

## II.

The Trustee in Bankruptcy of Genie Craft contends that under sec. 70(c) of the Bankruptcy Act, 11 U.S.C.A. § 110 (c) the assignment to the Trust Company and all other liens or security obtained subsequent to the date of the fire are void as against the Trustee and therefore against all creditors of the bankrupt.

Sec. 70(c) provides in pertinent part: "The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists." The date of bankruptcy was February 4, 1958.

The Trustee argues that if a security is "ineffective" as to the claim of any creditor, "it is ineffective and void as to all creditors in the person of the trustee". He cites Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837, and Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, which hold, applying sec. 70(e) of the Bankruptcy Act, 11

U.S.C.A. § 110(e), that where a lien, for want of proper recording, is void as to one creditor, it may be avoided in toto by the trustee. It does not follow that a lien which is "ineffective" as to another lien claim, because subordinate thereto in time, is void as to the trustee and other creditors. Liens perfected before the date of bankruptcy are recognized and enforced by the bankruptcy court in the order of their priority unless they are voidable as preferences under sec. 60 of the Act, 11 U.S.C.A. § 96.

The Trustee next refers to the lien for federal taxes which was assessed on November 22, 1957, although not recorded in the United States District Court for the District of Columbia or in the Superior Court of Baltimore City until February 11, 1958. See 26 U.S.C.A. § 6223. The Trustee cites United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510, in which it was held that a particular assignment, although executed prior to the date of assessment of a tax, was inchoate and unperfected at the time of the assessment, and so the tax lien took priority over the assignment. The Trustee argues from this decision that all assignments and liens created subsequent to the assessment are subordinated to the claim of the Trustee. That reasoning is not sound. It does not follow from the cases cited by the Trustee or from applicable principles of law that an assignment or a lien, inferior to a tax lien, but good against other creditors, may be avoided by a Trustee in Bankruptcy simply because of the priority accorded to the tax lien.

An assignment otherwise valid and enforceable as a claim against a fire insurance company is not rendered inchoate or invalid because the amount of the claim has not yet been settled between the company and the insured. Such an assignment after loss "stands on the same footing as the assignment of a debt or right to recover a sum of money actually due". Washington Fir~ Ins. Co. of Baltimore v. Kelly, 32 Md. 421, 437.

See also Dickey v. Pocomoke City Nat. Bank, 89 Md. 280, 299, 43 A. 33.

The Trustee may attack any of the claims on the ground that they were not perfected before bankruptcy or that an assignment of part of a claim must be consented to by the debtor. Cf. Sheppard v. State, to use of Weisel, 3 Gill, Md., 289, with Restatement of Contracts, sec. 156; Corbin, Contracts, sec. 889. I intimate no opinion on any of these questions. And the Trustee may attack any of the assignments or other alleged liens as voidable preferences under sec. 60 of the Act, 11 U.S.C.A. § 96.

The motions, formal and informal, of the Trust Company and of the Trustee in Bankruptcy are denied without prejudice.