BUILDERS AND DEVELOPERS CORP., a body corporate

v.

MANASSAS IRON AND STEEL CO., Inc., a body corporate, Commercial Credit Corporation, a body corporate, Maury Young, Partner Young & Simon, Henry Greenwald and Gerald Greenwald, t/a Greenwald Industrial Products Co., Lloyd E. Mitchell, Incorporated, a body corporate, George Ulsh, t/a Windsor Equipment Rental Co., Maryland Bolt and Nut Company, a body corporate, William G. Wetherall, Inc., a body corporate, J. H. Marshall & Associates, Inc., a body corporate, Comptroller of the Treasury of the State of Maryland Retail Sales Tax Division, Todd Steel, Inc., a body corporate.

Civ. A. No. 13510.

United States District Court
D. Maryland.

Sept. 5, 1962.

David L. Bowers and S. Herbert Harris, Baltimore, Md., for plaintiff.

George E. Thomsen and M. King Hill, Jr., Smith, Somerville & Case, Baltimore, Md., for defendant Manassas.

Kenneth Wells Parkinson, Washington, D. C., Berthold Muecke, Jr., and J. Francis Ireton, Baltimore, Md., for defendant Commercial Credit Corp.

Lewis Jacobs, Sacks & Jacobs, Washington, D. C., and Milton Seidenman, Baltimore, Md., for defendant Maury Young. Howard H. Conaway, Frank, Bernstein, Gutberlet & Conaway, Baltimore, Md., for defendant Lloyd E. Mitchell, Inc.

Peter B. Turney, Baltimore, Md., for defendant George Ulsh.

Irvin S. Friedman and Joel H. Pachino, Baltimore, Md., for defendant Maryland Bolt and Nut Co.

Julius G. Maurer and Samuel Sapero, Baltimore, Md., for William G. Wetherall, Inc.

Thomas B. Finan, Atty. Gen. of Maryland and William J. McCarthy, Asst. Atty. Gen. of Maryland, for defendant Comptroller of the Treasury of Md. Retail Sales Tax Div.

Manuel M. Weinberg, Weinberg & Weinberg, Frederick, Md., for defendant Todd Steel, Inc.

R. DORSEY WATKINS, District Judge.

This is a suit, captioned "Complaint for Interpleader", but in fact in the nature of interpleader, purportedly brought under the provisions of Title 28 U.S.C.A. § 1335. Motions to dismiss have been filed on behalf of four defendants.

## Questions Presented.

1. Is there the requisite diversity between and among the parties?

2. Is the plaintiff a disinterested stakeholder not independently liable to any claimant to the fund, and if not, may it maintain this action?

3. As to the defendant, Comptroller of the Treasury of the State of Maryland, is the outstanding injunction proscribed by Title 28 U.S.C.A. § 1341, in view of the provisions of Article 81, § 351 of the Annotated Code of Public General Laws of Maryland (1957 Edition)?

## Facts.

Plaintiff is a Maryland corporation; defendant Manassas Iron & Steel Company, Inc. (Manassas) is a Virginia corporation; defendant Maury Young, partner of Young & Simon (Young), is a citizen of the District of Columbia; defendant J. H. Marshall and Associates, Inc. (Marshall) is a District of Columbia corporation; defendants Commercial Credit Corporation (Commercial), Maryland Bolt & Nut Company (Maryland Bolt), Lloyd E. Mitchell, Incorporated (Mitchell), Todd Steel Inc. (Todd), and William G. Wetherall, Inc. (Wetherall) are Maryland corporations; and George Ulsh (Ulsh), Henry Greenwald and Gerald Greenwald (the Greenwalds) and the Comptroller of the Treasury (Comptroller) are citizens of the State of Maryland.

Plaintiff as principal contractor contracted with Manassas for steel fabrication and erection work in Baltimore County, Maryland, for the sum of $103,000. Plaintiff paid to or for the account of Manassas $60,764.72, leaving a balance of $42,235.28, to which plaintiff "claims no right or title * * * and is ready, willing and able to pay over to the party or parties entitled thereto all or any portion of it."

Claim was made on plaintiff by Manassas for the entire $42,235.28; and claims have been made by the other defendants in amounts aggregating an additional $79,807.48.

Plaintiff tendered for payment into court the $42,235.28 and requested that

the defendants be required to interplead, and be enjoined "from commencing or prosecuting any action against plaintiff in his [sic] capacity touching said sum of money"; that plaintiff "be discharged from all liability to any of said defendants in relation to said $42,235.28"; and that plaintiff be allowed costs and counsel fees out of the fund.

An order was passed authorizing the payment of the $42,235.28 into court; directing the issuance of process for the defendants; and enjoining suit on account of or pertaining to the money payable under the contract between plaintiff and Manassas.

### 1. Jurisdiction—Diversity.

■ Although the question of jurisdiction has not been raised by any of the parties, it is the duty of the court itself to inquire if there be any question. The suit is not brought pursuant to, and could not qualify under, the general diversity of citizenship jurisdiction, Title 28 U.S.C.A. § 1332. The relevant portions of Title 28 U.S.C.A. § 1335, under which it is purportedly brought, are as follows:

§ 1335. Interpleader.

"(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader * * * if

"(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled * * *; and if (2) the plaintiff has deposited such money * * * into the registry of the court * * *.

"(b) Such an action may be entertained although the titles or

claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

■ The quoted language in terms does not require diversity between plaintiff and each defendant, or between each defendant or among the defendants, but only that there be at least two adverse claimants of diverse citizenship. Despite an alternative holding to the contrary, but without the citation of any authority (Boice v. Boice et al., 3 Cir.1943, 135 F.2d 919, 920), the great weight of authority is that a district court has jurisdiction under Title 28 U.S.C.A. § 1335 if "there be diversity of citizenship between the defendants, i. e., the claimants *or certain of them,* and jurisdiction is not destroyed because some of the defendant-claimants are citizens of the same state as the plaintiffs, Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85." Blair Holdings Corp. v. Bay City Bank & Trust Co., 9 Cir.1956, 234 F.2d 513, 514 (emphasis supplied).

" * * * All adverse claimants to the fund before the court in an interpleader suit need not be of diverse citizenship and it is sufficient if the citizenship of more than one state is represented among the defendants * * *." Holcomb v. Aetna Life Insurance Company, 10 Cir. 1958, 255 F.2d 577, 582, cert. den. 1958, Fleming v. Aetna Life Ins. Co., 358 U.S. 879, 79 S.Ct. 118, 3 L.Ed.2d 110.

To the same effect, after exhaustive consideration, see Haynes v. Felder, 5 Cir.1957, 239 F.2d 868.[1]

So far as diversity is concerned, the court is satisfied that jurisdiction exists.

---

[1] Treinies and Haynes involved strict interpleader in which the plaintiff was a completely disinterested stakeholder. In the instant case the action is one in the nature of interpleader. The Third Circuit has held that complete diversity between plaintiff and all defendants is a jurisdictional requisite in such a case. For a comprehensive discussion of the better view, and the one accepted by this court, in which the interested plaintiff is considered a claimant and his citizenship is relevant only to the determination of whether there is sufficient diversity between the claimants, see Judge J. Skelly Wright's opinion in Pan American Fire & Casualty Company v. Revere, D.C. E.D.La.1960, 188 F.Supp. 474, 477, footnote 8.

## 2. Independent Liability.

The motions to dismiss alleged that plaintiff was independently liable to one or more of the parties it seeks to have interplead. Specifically, it was alleged that plaintiff was independently liable to Young & Simon on a guaranty by plaintiff to Young & Simon with respect to an amount owed to it by Manassas. The papers relied upon as constituting this guaranty might present a nice question of construction and interpretation. At the hearing on the motion Commercial, which was aligned with the plaintiff in that it was opposing dismissal of the action in the nature of interpleader, "conceded" that a guarantee given by plaintiff to Todd constituted an independent liability of plaintiff to Todd. (Transcript, page 52).

█ This concession was neither made by the plaintiff nor rejected by the plaintiff at the time of the hearing. However, in its memorandum in opposition to motion to dismiss the plaintiff took the position that any independent liability it might have had to Todd Steel had been extinguished by payment in full prior to plaintiff's filing its bill in the nature of interpleader. This seems to the court to be an eminently sound approach. Moreover, as Todd Steel has no claim against the fund paid into the court registry the court fails to see by what authority plaintiff could make Todd an interpleading defendant. The same is true as to defendant Mitchell. Accordingly, the court will dismiss the action as to these two named defendants.

However, if the allegations in the answer filed by Commercial Credit Corporation can be established, plaintiff would have an independent liability to it.

The question is thus squarely presented as to whether a plaintiff, having an independent liability to a defendant-claimant, can successfully maintain an action in the nature of an interpleader.

Entirely apart from the special Federal Interpleader Statute the equitable remedy of interpleader has long been a well known ground of equity jurisdiction. "During its evolution many technical restrictions were placed upon equitable interpleader. (1) The same thing, debt, or duty must have been claimed by both or all the parties against whom the relief was demanded. (2) All their adverse titles or claims must have been dependent upon or be derived from a common source. (3) The person seeking relief—the plaintiff—must not have had or claimed any interest in the subject matter. (4) The plaintiff must have incurred no independent liability to either of the claimants, that is, he must have stood perfectly indifferent between them in the position of a mere stakeholder. This was the strict bill of interpleader." 2 Barron & Holtzoff, Federal Practice and Procedure § 551, pages 227–228.

█ A bill in the nature of interpleader was also recognized and differed from strict interpleader in that the plaintiff need not be disinterested in the subject matter. Federal interpleader statutes were enacted in 1917, 1925, 1926 and 1936. The latest statute is codified in §§ 1335, 1397, and 2361 of Title 28 U.S. C.A. Each successive statute "shows very clearly the legislative intent to greatly extend the remedial scope of interpleader in the federal courts to meet situations where the equitable relief is greatly needed because impossible of achievement in the courts of any one State, and the Act should be liberally interpreted as remedial legislation." (John Hancock Mutual Life Insurance Company v. Kegan, D.C.D.Md.1938, 22 F.Supp. 326, 330—an opinion by Judge Chesnut).

█ Concededly, three of the four requirements of a strict bill of interpleader have been eliminated. Both section 1335 of Title 28 U.S.C.A. and Rule 22 of the Federal Rules of Civil Procedure, 28 U.S. C.A. in express terms permit an action to be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical. The third requirement that the person seeking relief must not have

any interest in the subject matter is expressly eliminated by Rule 22; and by § 1335 of Title 28 U.S.C.A. which provides for the bringing of a civil action in the nature of interpleader.

"The cases are not clear only as to whether the statute or the rule or both do away with the fourth restriction on interpleader, and permit that procedure even though the stakeholder may be independently liable to one of the claimants. This situation arises where one of the claimants asserts that the basis of his claim is such that he is entitled to recover even though the stakeholder may also be liable on some other basis to some other claimant or claimants. Prior to the Act of 1936 it was held that such an independent liability would bar interpleader. The 1936 statute, now 28 U.S.C.A. § 1335, does not do away with the independent liability restriction in express terms, though it probably was the thought of the draftsmen that this restriction was merely a special application of the equitable requirement that the claims must be of common origin, which the statute does expressly end." (2 Barron & Holtzoff, Federal Practice and Procedure, pages 232–233).

To this judge it appears that the third original requisite requirement might often encompass the fourth ground. The "fund" is money owed by plaintiff to some one. But that "some one" is one of the defendants. Plaintiff may have had other relations with that particular defendant. These several relations may result in plaintiff owing to that defendant more than, or less than, the amount paid into court. Since a defendant could always have pleaded set-off, plaintiff would have an interest in the "subject matter." With the present provisions for counterclaim, plaintiff still has an interest in the "subject matter"—if only with respect to marshalling. If, as conceded, the third ground no longer applies, this court sees no logical, or legal reason

why the fourth should continue. The court so feels, despite the fact that the courts have continued to apply the independent liability test and where such liability exists have denied plaintiff the right to interpleader (see cases cited in notes 13.4, 13.5 and 13.6 of 2 Barron & Holtzoff, Federal Practice and Procedure § 551, page 233).

■■ None of those cases applying the independent liability limitation after the latest enactment of the Federal Interpleader Statute, and of the Federal Rules of Civil Procedure has apparently, and certainly not expressly, given thought to the reason for the original existence of the requirement of lack of independent liability. The rationale behind the requirement was that, prior to the promulgation of the present liberal rules governing civil procedure in the Federal courts, had a plaintiff with an independent liability to a defendant been allowed to maintain interpleader against such a defendant there was no opportunity for the defendant to recover an affirmative judgment against the plaintiff. Such a defendant's rights were limited to the fund, and therefore valuable extra claims against the plaintiff might well be lost. Today, however, all controversies regarding the fund and *other claims* of the parties may be decided in an action in the nature of a bill of interpleader with the salutary result of marshalling.

" * * * Contemporary procedure, with its flexible provisions for wide joinder of parties and claims, for separate trial of separate issues where necessary, and for shaping the judgment to the necessities of the case is well adapted to disposing of interpleader cases where independent liability is asserted, and there is no reason today, under either the statute or the rule, [2] for continuing to impose a restriction which has no claim to validity save that it is old." (2 Barron & Holtzoff, Federal Practice and Procedure § 551, page 234).

Judge Chesnut's interpretation of the legislative intent in enacting the 1936 Federal Interpleader Statute in view of the then pending new Federal Rules of Civil Procedure is far more persuasive to this court, as indicating that the requirement that plaintiff have no independent liability to a defendant-claimant has been done away with, than any direct holdings to the contrary, which do not consider expressly the inter-relation of the interpleader statute with the present liberal Federal Rules of Civil Procedure, and particularly the provisions with respect to counterclaims.[2] The decision of Chief Judge Thomsen in Michigan Fire & Marine Insurance Company v. Genie Craft Corp., D.C.D.Md.1960, 183 F.Supp. 533, does not require a different decision, because in that case Judge Thomsen found that the plaintiff did not have independent liability to one of the defendants and, hence, it was unnecessary for him to decide whether such liability would constitute a bar to an interpleader action.

Accordingly, the court holds that even if plaintiff is independently liable to any claimant to the fund, it may maintain this action. The motions of the Comptroller, of Young and of Maryland Bolt to dismiss are hereby denied.

### 3. Propriety of Injunctive Relief Against Comptroller of the Treasury.

The injunction now in force does not enjoin the Comptroller of the Treasury from collecting taxes due from defendant Manassas. The injunction only prevents the Comptroller from proceeding against the fund tendered into this court's registry and due under the contract between defendant Manassas and plaintiff. The Comptroller relies upon the provisions of Title 28 U.S.C.A. § 1341 which are to the effect that District Courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Comptroller then invites the court's attention to Article 81, § 351 of the Annotated Code of Public General Laws of Maryland, 1957 Edition, which provides in general that any *taxpayer* may apply to the Comptroller for revision of the *tax assessed against him* by the Comptroller within thirty days of the date on which the Comptroller mails a notice of assessment to the *taxpayer's* last known address. Again, clearly the section is not applicable to give relief to the plaintiff as the plaintiff is not the taxpayer and hence has no "plain, speedy and efficient remedy" under the laws of the State of Maryland for its protection.

The cases construing Title 28 U.S.C.A. § 1341 show that the broad language of the statute has been limited by numerous exceptions, one of which arises when an attempt is made to collect the tax from a person other than the original taxpayer. In D. C. Transit System v. Pearson, D.C.D.C.1957, 149 F.Supp. 18, in which the District of Columbia was seeking to collect a two per cent gross receipts tax from D. C. Transit System, operator of buses and street cars in the

2. Counsel opposing the motions to dismiss have relied heavily on statements by text writers relative to Rule 22, F.R. C.P., completely ignoring that in the instant case plaintiff is proceeding, and can only proceed, under the Federal Interpleader Statute, Title 28 U.S.C.A. § 1335, thus raising if not entirely different problems at least not raising entirely similar problems. However, it is not amiss in intepreting the intent of the statute to consider the procedure authorized by the rule as both the rule and the statute encompass the same subject matter. Barron & Holtzoff, while somewhat equivocal as to whether or not the test of independent liability has been dispensed with under the statute, clearly states that such a restriction does not exist under the rule. Moore's Federal Practice, 2nd Edition, § 22.04, pages 3007–3008 states "Paragraph (1) of Rule 22 provides the most modern and liberal method of obtaining interpleader to be found. All the technical restrictions which grew up around bills of interpleader and bills in the nature of interpleader, discussed in the previous paragraph, have been entirely jettisoned."

District of Columbia, for taxes due from a predecessor company, the court said, at page 19:

"In spite of the broad, sweeping language of these statutes, it had been uniformly held that they are but a restatement of the principle that equity will not interfere by injunction with the collection of taxes unless some special or extraordinary circumstance is present, justifying its interposition. [Citing Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 517] * * *

"Numerous exceptions to the comprehensive ban against injunctions to restrain the collection of taxes have been developed by judicial decisions. *As a result these statutes may be said to be more honored in the breach than in the observance.* Upon a showing of considerations that appeal to the discretion of a court of equity, a suit for an injunction may be entertained and a determination of the validity of the tax made in such summary and expeditious manner. One of the many exceptions to the prohibition comprises cases in which it is sought to collect the tax from a person other than the original taxpayer, as for instance, a transferee of the taxpayer's property, or a person who has assumed his liability. This case is within this exception." (Emphasis supplied).

Accordingly, the court holds that the outstanding injunction as to defendant Comptroller is not proscribed by Title 28 U.S.C.A. § 1341 and that plaintiff has no adequate means of protecting its interests under the provisions of Article 81, § 351 of the Annotated Code of Public General Laws of Maryland, 1957 Edition.

Conclusion.

The motions of Comptroller, Young and Maryland Bolt to dismiss are hereby denied.

This action is dismissed as to Lloyd E. Mitchell, Inc. and Todd Steel, Inc.

without prejudice, it not appearing that these defendants are claiming or may claim to be entitled to any portion of the fund deposited into the registry of the court.

 This action being a bill in the nature of interpleader, allowance of costs and counsel fees to plaintiff is hereby denied.