SPAHN & ROSE LUMBER COMPANY, appellee, v. IOWA STEEL & CONSTRUCTION COMPANY et al., defendants; LYNN Q. KNOLL and DONNA V. KNOLL, appellants.

No. 51439.

(Reported in 131 N.W.2d 791)

December 15, 1964.

Maddocks & Knoshaug, of Clarion, for appellants.

James E. Houser, of Belmond, for appellee.

Thornton, J.—This is an interlocutory appeal. The question presented is, may a landowner interplead mechanic's lienholders?

The question arises thus, plaintiff started the action to foreclose its mechanic's lien for materials furnished defendants' general contractors for the erection of a building for defendants Lynn Q. Knoll and Donna V. Knoll on land owned by them. Plaintiff made junior lienholders parties defendant to determine priority, asks personal judgment against the general contractors, its lien be confirmed against the real estate, its superiority, that special execution issue, and for general equitable relief. The defendants Knoll moved the court to interplead nine other suppliers all of whom had filed liens. They alleged the liens are of like kind, a result of the same building contract, on the same property, are disputed, and they are subject to multiple liability. Defendants rely on rule 36, Rules of Civil Procedure. The trial court denied interpleader. Because of the importance of the question we granted this appeal.

Rule 35, Rules of Civil Procedure, is as follows:

"A person who is or may be exposed to multiple liability or vexatious litigation because of several claims against him for the same thing, may bring an equitable action of interpleader against all such claimants. Their claims or titles need not have a common origin, nor be identical, and may be adverse to, or inde-

pendent of each other. Such person may dispute his liability, wholly or in part."

Rule 36, Rules of Civil Procedure, is as follows:

"A defendant to an action which exposes him to similar liability or litigation may obtain such interpleader by counterclaim or cross-petition. Any claimant not already before the court may be brought in to maintain or relinquish his claim to the subject of the action, and on his default after due service, the court may decree him barred of such claim."

Rule 22, Federal Rules of Civil Procedure, is, in part, as follows:

"(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20."

The advisory committee comment to rule 35, 1 Cook, Iowa Rules, Revised Ed., page 251, states:

"The common-law equity interpleader does exist in Iowa, although probably not widely used. There was also a very limited interpleader procedure provided by section 11002 of the Code 1939, et sequitur superseded by these rules. These rules on interpleader should result in its wider use and also liberalize the common-law procedure in keeping with modern tendencies."

The author's comment to rule 35, 1 Cook, Iowa Rules, Revised Ed., page 251, is as follows:

"The Rules on Interpleader are new, and greatly broaden the prior statutes. Those allowed interpleader only to defendant who had been sued by one claimant, and then only in two rare cases. The Rules should permit interpleader in any situation where it would be of service."

In the commentaries on the Iowa Rules, 29 Iowa Law Review 14, Dan C. Dutcher, member of the advisory committee, said:

"The Rules attempt, from the standpoint of the statute, to broaden its application and from the standpoint of common law equitable interpleader, to suggest its use to the lawyers by bringing it out in the open and charting its procedure. The essentials of the procedure are that the party initiating or commencing the interpleader tenders the fund, or property, or security, for it into court, serves his notice on the parties claiming the fund or property, and from that point on lets the claimants litigate the rights to it. Meanwhile, the initiating party can be protected by injunction from separate suits by the claimants."

Appellants' contention is rules 35 and 36, Rules of Civil Procedure, should be liberally construed and include the situation here.

The rules certainly include more than the superseded statutes. They also liberalize the rules limiting common-law interpleader and those governing a bill in the nature of a bill of interpleader. The essentials of common-law interpleader are:

"1. The same thing, debt, or duty must be claimed by both or all the parties against whom relief is demanded. 2. All their adverse titles or claims must be dependent on, or be derived from, a common source. 3. The person asking the relief, that is, plaintiff, must neither have nor claim any interest in the subject matter. 4. He must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder." 48 C. J. S., Interpleader, section 12, page 49.

See also Hoyt v. Gouge, 125 Iowa 603, 604, 101 N.W. 464; 2 Barron & Holtzoff, Federal Practice and Procedure, section 551, pages 227, 228; Builders and Developers Corp. v. Manassas Iron and Steel Co., 208 F. Supp. 485, 489 (Md., 1962); and Kelly, Shuttleworth & McManus v. Central National Bank & Trust Co. of Des Moines, 217 Iowa 725, 739, 248 N.W. 9.

A reading of rule 35 shows 2 and 3 above are no longer required. The rule still requires one seeking interpleader to be a stakeholder and the claims must be for the same thing, debt or **duty.**

In the comment in 29 Iowa Law Review 14, there is no indication the intention was to dispense with the requirement the one seeking relief be a stakeholder. Rule 35 states, "A person * * * exposed to multiple liability * * * may bring an equitable action of interpleader * * *." The next two sentences delete part of the former essentials, but the action that may be brought is, "an equitable action of interpleader." It is not a new action, only liberalized as indicated. And in its same form made available to defendants by rule 36.

The first sentence also states, "* * * because of several claims against him for the same thing, * * *." This is the same language used in 48 C. J. S., Interpleader, section 12, page 49; 2 Barron & Holtzoff, section 551, pages 227, 228; Builders and Developers Corp. v. Manassas Iron and Steel Co., 208 F. Supp. 485, 489 (Md., 1962); and Kelly, Shuttleworth & McManus v. Central National Bank & Trust Co. of Des Moines, 217 Iowa 725, 739, 248 N.W. 9. In Hoyt v. Gouge, 125 Iowa 603, 604, 101 N.W. 464, we used the phrase, "the same debt or duty." Rule 22, Federal Rules of Civil Procedure, does not use this language. Rule 22 provides, "when their claims are such that the plaintiff is or may be exposed to double or multiple liability."

In Hoyt v. Gouge, supra, at page 605 of 125 Iowa, pages 464, 465 of 101 N.W., we state: "* * * the object of the bill is not to protect a party against double liability, but against a double vexation in respect of one liability. * * * This is reasonable doctrine. If plaintiff is liable to both claimants, there is no case for interpleader."

Rule 35 has not changed this requirement, at least not in so many words. Nor do the comments made at the time by those drafting the rules indicate any change in this regard. It follows plaintiff, or in this case the defendants, asking interpleader, must still be a stakeholder, though he may now contest his liability to one or all claimants and he must be exposed to claims of the same kind, debt or duty.

In this case defendants do not contend they are stakeholders in any manner. They allege the liens result from the same building contract and are liens on the same property, are disputed by them, and they are subject to alleged multiple lia-

bility because of the several claims against them for the same thing. As used by defendants in their motion, "same thing" can only refer to the property on which the liens are claimed or the general contract.

The action here is not on the general contract but for a lien for the material supplied to the general contractor by the individual plaintiff. There is no contention any of the liens are for the same materials. In other words they are not for the same thing. Defendants here may well be liable to all lienholders. Each lienholder has the right to litigate his independent claim. Hoyt v. Gouge, 125 Iowa 603, 606, 101 N.W. 464.

In drafting the rules the advisory committee had the benefit of rule 22, Federal Rules of Civil Procedure, and decided not to follow it. The intent as expressed at page 14 of 29 Iowa Law Review does not suggest or indicate a change from the requirement the claims be for "the same thing" or that "same thing" was used in any different sense from that at common law. The rules have expanded the scope of the former statutes, sections 11002 to 11006, Code of Iowa, 1939, and liberalized the former equitable interpleader but they have not expanded the scope of interpleader to include the lien claimants here.

In this regard it should be pointed out, in chapter 573, Code of Iowa, 1962, Labor and Material on Public Improvements, such an interpleader as defendants propose is provided for by section 573.16. See Community School District of Eldora v. Employers Mutual Casualty Company of Des Moines, 194 F. Supp. 733, 740 (N. D., Iowa, 1961). Chapter 572, Mechanic's Lien, Code of Iowa, 1962, does not have a similar provision.

As having some bearing, see Maryland Casualty Co. v. Glassell-Taylor & Robinson, 156 F.2d 519 (5 Cir., 1946); Builders and Developers Corp. v. Manassas Iron and Steel Co., 208 F. Supp. 485 (Md., 1962); and Joseph F. Hughes & Co. v. Harry S. Mickey, Inc., 211 F. Supp. 298 (Md., 1962).

The ruling of the trial court is right, and is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.