An appropriate order will enter.

Stephanie B. LOWERY, Executrix of the Estate of Joan Silveira, Deceased, Plaintiff,

v.

Susan N. BRAND, Kevin S. Brand, Patrick R. Brand, Stephanie B. Lowery, and Milton A. Silveira, Defendants.

Civ. A. No. 89–0543–A.

United States District Court, E.D. Virginia, Alexandria Division.

April 28, 1989.

Wiley Wright, Jr., Alexandria, Va., for plaintiff.

Howard M. Bushman, Arlington, Va., for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

### Background

This diversity statutory interpleader action grows out of a dispute among potential claimants to $277,625.02 in life insurance benefits. The pertinent facts are undisputed and, for the most part, appear on the face of the complaint.

On February 8, 1989, Joan Silveira died as a result of injuries sustained in an automobile accident on the George Washington Parkway in Alexandria, Virginia. At the time of her death, Joan Silveira was separated from her husband, Milton Silveira. Joan Silveira died testate and her will was admitted to probate in the Circuit Court of Fairfax County, Virginia on February 13, 1989. This will names Joan Silveira's four children as her sole beneficiaries. The four children, Susan N. Brand, Kevin S. Brand, Patrick R. Brand and Stephanie B. Lowery are claimants in this action. Stephanie Lowery, in addition to her status as a named claimant and beneficiary under the will, is the executrix of Joan Silveira's estate. She qualified as such in the Fairfax Circuit Court on the date the will was probated.

Milton Silveira, also a named defendant and claimant, is excluded from participation in the estate by the will's explicit terms. Notwithstanding this explicit exclusion, Milton Silveira has the statutory right under Virginia law to renounce the will. Va. Code Ann. § 64.1–13 (1987). If he did so, he would be entitled to receive a one-third share of the surplus of Joan Silveira's personal estate. Va.Code Ann. § 64.1–16 (1987). As of this time, Milton Silveira has not indicated whether he intends to exercise his statutory renunciation right. He has until February 13, 1990 to make this decision.

At the time of her death, Joan Silveira was insured under a group life insurance policy issued by North American Life Assurance Company. Under the policy terms, Joan Silveira's named beneficiary is entitled to the sum of $264,000. The group Insurance Enrollment Card signed by Joan Silveira provides that the policy's proceeds are "[t]o be distributed per terms of the will." Given this designation, plaintiff, as the estate's executor, alleges she is unsure whether the policy beneficiary is Joan Silveira's estate or her four children as sole beneficiaries under the will. Specifically, she alleges that if Milton Silveira elects to renounce the will, "he may claim that the estate of Joan Silveira is the beneficiary of the said policy and that he is entitled to a statutory share of the proceeds of said policy." Complaint ¶ 12.

The complaint alleges that three of the children, Stephanie Lowery, Susan Brand, and Patrick Brand are Texas citizens. One child, Kevin Brand, is a citizen of the State of Maryland. It further appears that Mil-

ton Silveira is a citizen of Virginia, as was Joan Silveira at the time of her death.

North American Life Assurance Company is not a party to this suit. It was, however, made aware of the suit and apparently agreed to pay the proceeds of the policy directly to the Clerk of this court to be held in the registry of the court pending resolution of the dispute. This has occurred; a check from North American Life Assurance Company in the amount of $277,625.02 was received by the Clerk of this Court shortly after the filing of this suit.

Defendant Silveira's threshold dismissal motion raises three questions:

(1) Is the requisite diversity of citizenship present pursuant to 28 U.S.C. §§ 1332 and 1335?

(2) Is the suit premature, given that defendant Milton Silveira has not yet exercised his statutory renunciation right?

(3) Is the interpleader suit properly brought by the executrix of the estate, given that she never had custody of the disputed funds and given that the funds were paid directly into the court's registry directly by the non-party insurance company?

Each of these questions is addressed in turn.

### Analysis

#### A. *Diversity Jurisdiction*

■ This is, purportedly, a diversity statutory interpleader action. *See* 28 U.S.C. § 1335. As such, diversity of citizenship pursuant to 28 U.S.C. § 1332 is required for subject matter jurisdiction. Although once in doubt, it has now been settled for over two decades that only minimal diversity among claimants is required. *State Farm Fire and Cas. Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).[1] Minimal diversity requires only that there be at least two claimants of diverse citizenship who are adverse to each other. *See id.* That requirement is fully

met here; the claims of the four children are adverse to Milton Silveira's claim and their state citizenships (Texas and Maryland) are different from Silveira's (Virginia). Nor does this conclusion change if the citizenship of the executor or estate is considered as an interested stakeholder. In short, minimal diversity exists and dismissal is unwarranted on this ground. .

#### B. *Prematurity*

■ Defendant Silveira argues the suit is premature because he has not yet reached a decision on whether to exercise his statutory power to renounce the will and take a statutory share. This argument is unpersuasive. The central issue in this action is the meaning of the decedent's Insurance Enrollment Card statement directing that policy proceeds are to be distributed "per terms of the will." The complaint alleges that one interpretation of this phrase would require payment of the proceeds *pro rata* to the decedent's four children, while another would require payment to the estate. This central question of interpretation is wholly independent of whether Silveira exercises his renunciation right. It is possible, of course, that without renunciation, any dispute over the meaning of the phrase would have no practical consequence: the four children would receive the proceeds in any event. But this cannot be conclusively determined solely from the face of the complaint on a threshold motion. For example, whether or not Silveira exercises his renunciation right, resolution of the interpretation issue may have practical consequences if there are debts or claims against the estate. In that event, the insurance policy proceeds, as part of the estate's residue, may be required to satisfy these claims or debts. Further, policy proceeds, as part of the estate, may play a role in determining and paying any tax liability that might arise. In any event, it seems likely, as a practical matter, that renunciation will occur because Silveira, having been excluded from

---

**1.** *See also General Atomic Co. v. Duke Power Co.,* 553 F.2d 53 (10th Cir.1977); *MFA Mutual Ins. Co. v. Lusby,* 295 F.Supp. 660 (W.D.Va. 1969); *Life Ins. Co. of Va. v. Cashatt,* 206 F.Supp. 410 (E.D.Va.1962); *Builders & Develop-* *ers Corp. v. Manassas Iron & Steel Co.,* 208 F.Supp. 485 (D.Md.1962); 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1710 (1986).

the will, has nothing to lose and everything to gain by doing so. The prematurity argument, in sum, is not a persuasive basis for a threshold dismissal. Adverse claims to a stake adequately appear from the face of the complaint.

## C. *No Stakeholder*

■ For reasons not revealed in the record, the true stakeholder, the insurance company, chose not to institute the suit. That would have been the conventional means of launching this interpleader suit, the means apparently contemplated by that statute. *See* 28 U.S.C. § 1335.[2] After filing the suit and depositing the fund, the stakeholder insurance company could then have obtained dismissal with an order that immunized it from suit by any of the claimants. In that event, the parties now before the Court would be the only parties left in the suit, except that the executrix would be aligned as a claimant. The question presented, therefore, is whether the statute mandates that the suit be initiated by the real stakeholder in these circumstances. The Court concludes that it does.

To begin with, the terms of the statute are clear and unequivocal; they require the plaintiff or stakeholder to have custody or possession of the fund. Here, the executrix of the estate never had custody or possession of the money. Instead, the money was always in the possession or control of the insurance company, the real stakeholder. And there is no exception in the statute for cases where it appears that the stakeholder is likely to win a prompt dismissal, leaving only the contested fund in the court. Nor is there any warrant in the statute for permitting the claimants to initiate an interpleader as long as the real stakeholder, as here, simply mails the clerk a check for the disputed amount. Indeed, stakeholders should not wish it otherwise; orders dismissing stakeholders should serve to immunize the stakeholder from further claims. By simply mailing in a check, the real stakeholder may risk future liability. In sum, commencement of this action by other than the stakeholder does not meet the statute's requirements.

■ The meager existing authority on this point supports this conclusion. In *Mann v. Metropolitan Life Ins. Co.*, No. 77 Civ. 6053, slip op. (S.D.N.Y. Aug. 15, 1978), the court dismissed an interpleader action brought by a widow to construe a life insurance beneficiary designation. In the court's words, "[t]his statute requires that a bill of interpleader be maintained by the stakeholder. Since plaintiff in the instant case is not the stakeholder, but is a claimant, she may not properly interplead the defendants." *Id.* at 2. [citation omitted]. The same result obtains here; since the estate is not the stakeholder, it may not properly interplead the defendants.[3] Statutory interpleader is not a malleable bill of peace capable of being bent to serve as a means of resolving any multiparty dispute. Rather, it is a well-defined and effective remedy that can only be initiated by a stakeholder in possession of a stake in the face of conflicting claims to the stake. Accordingly, this matter must be dismissed on this ground without prejudice to the right of the true stakeholder to initiate a statutory interpleader action.

An appropriate order will issue.

---

**2.** Section 1335(a) provides, in pertinent part, that

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more....

28 U.S.C. § 1335(a).

**3.** *See General Atomic Co. v. Duke Power Co.*, 553 F.2d 53 (10th Cir.1977) (supplier of uranium improperly sought to interplead four utility companies alleging adverse claims among them concerning a quantity of uranium not in plaintiff's custody or possession, but to which plaintiff had a claim); *see also Indianapolis Colts v. Mayor & City Council*, 733 F.2d 484 (7th Cir. 1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985) (professional football team could not use interpleader to resolve cities' conflicting claims to team in part because there was no stake or fund).