**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Nancy CAPOZZOLI, Pamela Ann Meeks, and Patrick James Capozzoli, Defendant.**

**No. CIV. A. 98–001–D.**

United States District Court,
W.D. Virginia,
Danville Division.

May 19, 1998.

Harry Margerum Johnson, III, Greer Saunders, Hunton & Williams, Richmond, VA, for Metropolitan Life Ins. Co., Plaintiff.

Nancy Capozzoli, Pittsburgh, PA, pro se.

Pamela Ann Meeks, Danville, VA, pro se.

Patrick James Capozzoli, Cascade, VA, pro se.

### MEMORANDUM OPINION

KISER, Senior District Judge.

Plaintiff, Metropolitan Life Insurance Company (MetLife), brings this interpleader action seeking a determination as to the proper disposition of insurance proceeds in its possession. MetLife also seeks a declaration that it has no further liability for the payment of any benefits under the insurance policy at issue.

MetLife maintained a life insurance policy for Patrick I. Capozzoli. Mr. Capozzoli died on October 2, 1996. His policy named his daughter, Pamela Ann Meeks, his son, Patrick J. Capozzoli, and the John J. Gmiter Funeral Home (Gmiter) as beneficiaries. Gmiter disclaimed a portion of its share of the policy's proceeds. Nancy Capozzoli, the decedent's wife, claims that the entire amount of the policy should have been distributed to her. She bases her claim on a letter written by the decedent on September 20, 1996. The letter indicated an intention to name her as the beneficiary. In the alternative, Mrs. Capozzoli claims that the remainder of Gmiter's share should pass to her under Pennsylvania's intestacy laws.

I find that the proceeds distributed to Pamela Ann Meeks, Patrick James Capozzoli, and Gmiter were properly distributed and should remain with them. I also find that the proceeds disclaimed by Gmiter and currently retained by MetLife should be distributed in equal shares to Pamela Ann Meeks and Patrick James Capozzoli.

### DISCUSSION

█ MetLife commenced this interpleader action on January 16, 1998. I have jurisdic-

tion over this matter pursuant to 28 U.S.C. § 1335[1] and 5 U.S.C. § 8715.[2] I held an evidentiary hearing in this matter on April 24, 1998. MetLife was represented at the hearing by counsel. Pamela Ann Meeks and Patrick J. Capozzoli appeared pro se. With leave of court, Mrs. Capozzoli, who lives in Pennsylvania, filed a motion in support of her position in lieu of a personal appearance. Following a review of the evidence presented during the hearing and Mrs. Capozzoli's motion, I make the following findings of fact and conclusions of law:

## I. Findings of Fact

Patrick I. Capozzoli, the insured, was a federal government employee. He was covered under the Federal Employees' Group Life Insurance Policy. MetLife issued the policy. At the time of his death, Mr. Capozzoli's policy listed his children, Pamela Ann Meeks and Patrick James Capozzoli, and the Gmiter Funeral Home as beneficiaries. Mr. Capozzoli had made several changes to the designated beneficiary provision of his policy between 1985 and 1993.[3] His last revision, naming his son, daughter, and Gmiter as beneficiaries, was received by MetLife on March 30, 1993.

Mr. Capozzoli died on October 2, 1996. Mrs. Capozzoli, his wife of nineteen years, claimed the proceeds from the policy. She based her claim on a letter in her possession from the decedent addressed to the Federal Employee Group Life Insurance Program. In the letter, dated September 20, 1996, Mr. Capozzoli stated that he intended to name Mrs. Capozzoli the beneficiary of his life insurance policy. It is uncontested that the typed letter bears Mr. Capozzoli's signature.

By letter dated December 17, 1996, MetLife denied Mrs. Capozzoli's claim because the purported Beneficiary Designation form was not executed in compliance with the required procedures.[4] Accordingly, MetLife distributed the $112,000.00 in proceeds from Mr. Capozzoli's policy in accordance with his March 30, 1993 Beneficiary Designation form. Of the 20% designated for Gmiter, the funeral home used only $7,536.58 to cover funeral expenses. The funeral home disclaimed any interest in the remainder of its 20%, $14,863.42.

Mrs. Capozzoli then claimed the remainder of the funeral home's share. She argued that since the Beneficiary Designation form was silent as to who should receive the balance of the 20%, Pennsylvania's laws of intestacy should apply. As the decedent's widow, therefore, she argued that she was entitled to the remaining money. As beneficiaries under the policy, Pamela Ann Meeks and Patrick James Capozzoli also claimed the funeral home's remainder. In its interpleader Complaint, Met Life requested that it be directed to turn the money over to Pamela Ann Meeks and Patrick James Capozzoli.

## II. Conclusions of Law
### A. Mrs. Capozzoli's Claim as a Beneficiary

The Federal Employees' Group Life Insurance Policy states that "[a]ny employee insured hereunder may designate a beneficiary and may ... change his designation of beneficiary, only by filing written notice thereof,

---

1. Section 1335 requires only minimal diversity. Minimal diversity exists where two or more adverse claimants are of diverse citizenship. *See Lowery v. Brand,* 711 F.Supp. 298, 300 (E.D.Va. 1989) (citing *State Farm Fire and Cas. Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)). In this case, Pamela Ann Meeks is from Virginia and Nancy Capozzoli is from Pennsylvania.

2. Section 8715 grants this court original jurisdiction of claims arising under the Federal Employees' Group Life Insurance Act.

3. On August 6, 1985, Mr. Capozzoli designated his wife, son, and daughter as beneficiaries. On March 3, 1986, Mr. Capozzoli designated his wife as his sole beneficiary. On June 18, 1992,

Mr. Capozzoli designated his son and his daughter as his beneficiaries. Finally, on or about March 30, 1993, Mr. Capozzoli designated his son (40%), daughter (40%) and the Gmiter Funeral Home (20%) as his beneficiaries. Each time Mr. Capozzoli executed a new Beneficiary Designation form, he followed the procedures required by FEGLI.

4. The federal statute and the regulations promulgated thereunder require that a Beneficiary Designation form be in writing, witnessed by two people, and received by the employing agency prior to the insured's death. *See* 5 U.S.C. § 8705; 5 C.F.R. § 870.902.

signed and witnessed, with his employing office or, in the case of . . . a retired Employee . . . , with the Policyholder . . . . A designation or change of beneficiary shall take effect only if it is received by the appropriate office prior to the death of the Employee and shall be effective as of the date of receipt of said written notice." Group Policy No. 17000–G, § 11, as amended by Amendment 9(B).

Similarly, the Federal Employees' Group Life Insurance Act states that death benefits "shall be paid . . . to the beneficiary or beneficiaries designated by the employee in a signed and witnessed[5] writing received before death in the employing office or . . . in the Office of Personnel Management. For this purpose, a designation, change or cancellation of beneficiary in a will *or other document* not so executed and filed has no force or effect." 5 U.S.C. § 8705(a) (emphasis and footnote added). Congress added the latter sentence in 1966 to clarify that "literal compliance with statutory procedure is absolutely necessary for a Federal Employee to change the beneficiary of his group insurance policy." *Adams v. Macy*, 314 F.Supp. 399, 401 (D.Md.1970) (citing *Stribling v. United States*, 419 F.2d 1350 (8th Cir.1969)).

█ It is uncontested that Mr. Capozzoli failed to adhere to the requirements for changing his designated beneficiaries after March 30, 1993. The alleged attempted change on September 20, 1996 falls short of the "strict and literal compliance" required by the statute. *Id.* It was not witnessed, nor was it delivered to his former employer, the Office of Personnel Management or Met-Life prior to his death.

Accordingly, I find that Mrs. Capozzoli has no claim as a beneficiary of Mr. Capozzoli's insurance policy. MetLife correctly distributed the proceeds of the insurance policy in accordance with the March 30, 1993 Beneficiary Designation form. Pamela Ann Meeks and Patrick James Capozzoli were each entitled to 40% of the insurance proceeds. Gmiter was entitled to 20% of the proceeds to pay for funeral expense.

### B. Mrs. Capozzoli's Claim to Gmiter's Disclaimed Proceeds

█ Having concluded that Mrs. Capozzoli has no claim to the insurance proceeds as a designated beneficiary, I must now decide if she has any claim to the insurance benefits disclaimed by Gmiter. I find that where one beneficiary disclaims a portion of its share, the insurer must first look to other designated beneficiaries in distributing the remainder of the benefits.

Death benefits "shall be paid . . . in the following order of precedence: First, to the beneficiary or beneficiaries designated by the employee . . . . Second, *if there is no designated beneficiary*, to the widow or widower of the employee." 5 U.S.C. § 8705(a) (emphasis added). Where a designated beneficiary has not claimed the proceeds due him within one year of the death of the insured, payment is to be made in the order of precedence listed above. *Id.* § 8705(b). Thus, where no claim is made by a designated beneficiary, the insurer must first look to other designated beneficiaries before looking to a widow or widower in distributing benefits.

The situation I face is analytically similar to that contemplated by the drafters. The aforementioned statutory provision seems to deal directly with a situation where a beneficiary disclaims his share in its entirety. There is no legal distinction, however, between a beneficiary who disclaims all of his benefits and a beneficiary who accepts a percentage of his benefits and leaves the remainder to the insurer to distribute. In either case, the insurer is bound by the insurance contract to pay the remainder to any other designated beneficiaries before moving down the order of precedence.

Support for this conclusion is also found in the policy and Beneficiary Designation form. First, the insurance policy indicates that proceeds should pass to a non-beneficiary only if there is no designated beneficiary for all or any portion of the proceeds. *See* Group Policy No. 17000–G, § 11, as amended by Amendment 71(B) ("If a claim is deemed to be abandoned, payment of the share of such

---

**5.** Regulations promulgated by the Office of Personnel Management require that the writing be witnessed by two persons. 5 C.F.R. § 870.902(a).

**648**

designated Beneficiary shall be made to either: (1) the other designated Beneficiaries, if any, in equal shares, or (2) the person or persons listed in the order of precedence set forth in the above paragraph, *if there are no other designated Beneficiaries.*") (emphasis added). Additionally, the final properly executed Beneficiary Designation form stated "I hereby direct, unless otherwise indicated above, that if more than one beneficiary is named, the share of any beneficiary who may predecease me or become disqualified for any reason from receiving a share of the benefits shall be distributed equally among surviving beneficiaries . . . ." There was no indication of any desire on the part of the insured to opt out of this standard provision.

Only in the absence of any additional designated beneficiaries should I look to the order of precedence set forth in § 11. In this case, there are other designated beneficiaries. Accordingly, I find that the proceeds disclaimed by Gmiter properly should be distributed in equal shares to Pamela Ann Meeks and Patrick James Capozzoli.

**CONCLUSION**

For the foregoing reasons, I declare that the proper beneficiaries under Patrick I. Capozzoli's life insurance policy were Pamela Ann Meeks, Patrick J. Capozzoli, and the John J. Gmiter Funeral Home. I declare that MetLife has no further liability for paying out proceeds from Patrick I. Capozzoli's insurance policy to the above beneficiaries in accordance with the March 30, 1993 Beneficiary Designation form. I also order that the proceeds disclaimed by Gmiter shall be distributed in equal shares to Pamela Ann Meeks and Patrick J. Capozzoli. Finally, I declare that MetLife shall have no further liability for paying out proceeds in accordance with the accompanying Order.

An appropriate Order shall issue.